Max Miskowitz and Starobin & Miskowitz, Inc., Plaintiffs, *v.* Ruth Starobin, Individually and as Executrix of Mort Starobin, Deceased, Defendant.

Supreme Court, Special Term, New York County, May 21, 1943.

*I. Maurice Wormser* and *Samuel Zirn* for defendant.

*Irving M. Maron* for plaintiffs.

BERNSTEIN, J.   This motion by the defendant for judgment on the pleadings presents but three questions: (1) Is the provision of paragraph 9 of the agreement, annexed to the complaint as Exhibit A, valid and enforcible?   (2) Is the restrictive covenant of paragraph 4 of said agreement still effective and binding upon the individual plaintiff?   (3) Is a declaratory judgment the proper form of remedy in the action?

The complaint discloses that, on July 1, 1938, the plaintiff Max Miskowitz and the defendant's husband, Mort Starobin, being then the sole stockholders of Starobin & Miskowitz, Inc., a corporation engaged in the business of dyeing fur skins, entered into the agreement referred to, for the purpose of defining and regulating as between themselves their rights and obligations to the corporation and to each other in respect thereto.   The agreement was to continue for five years.   Paragraph 4 provided that the contracting parties were not to engage or become interested in any competitive business during the life of the agreement.   Paragraph 9, insofar as pertinent, provided: " It is further agreed that in the event of the death of either party to this agreement, the surviving widow shall

have the right to an accounting and inspection of the books of the corporation at her own expense, within thirty days after the death of said stockholder. * * * At the expiration of the fiscal year, the widow shall be entitled to an accounting of the interest of the deceased officer of the corporation. That after such accounting is made and the interest of the deceased officer is ascertained, the surviving officers shall liquidate such interest of the deceased officer as expediently as the condition of the corporation warrants, and such interest shall be in favor of the widow of the deceased officer only. * * * ''

The complaint further discloses that Mort Starobin died on June 12, 1942, leaving him surviving the defendant as his widow and sole beneficiary; that upon the expiration of the fiscal year in which he died the plaintiffs caused an audit and accounting to be made for the purpose of determining the value of the decedent's stock interest and found it to be approximately $30,000, subject to some adjustments; that the plaintiffs thereupon offered to pay that amount to the defendant upon her surrender and delivery of the decedent's stock; and that, challenging the plaintiffs' interpretation of the cited provision of the agreement, the defendant refused to effect a sale.

Upon those allegations, the plaintiffs seek judgment, declaring that they are entitled to acquire such stock at a price based on the audit and decreeing specific performance with respect thereto, and further declaring that the individual plaintiff is no longer bound by the restrictive provision of paragraph 4 of the agreement, already referred to.

In addition to some denials which are not pertinent here, the answer sets up a series of defenses pointing to defects and infirmities claimed to appear on the face of the complaint. They are in substance the same defects and infirmities that are under attack upon this motion.

A reading of the provision of paragraph 9 of the agreement fails to disclose any obligation on the part of the widow of a deceased stockholder to sell his stock either to the surviving stockholder or to the corporation. The plain meaning of that provision is that the widow was to have an optional right to require the surviving stockholder to cause the corporation to retire her deceased husband's stock. That appears from the express language of the cited provision, which speaks only of the '' right '' of the widow, of her being '' entitled '' to certain things, and of the obligation to liquidate '' such interest * * * in favor of the widow of the deceased officer only.'' It is also so indicated not only by the omission of language obli-

gating the widow to sell or the surviving stockholder to buy, but also by the omission of any reference to a sale or a purchase, or to a fixed price or a definite mode of ascertaining a price. Considered in connection with all the other terms of the agreement the provision obviously was only intended to carry out the general purpose of each of the contracting parties to protect himself and his kin from the domination or avarice of the other. To give that provision a meaning that the defendant must sell her husband's stock to the surviving stockholder at a book value fixed by the corporation or its accountant is to strain all ordinary rules of construction.

To make a writing valid and enforcible as an agreement the promise must be certain and explicit and the full intention of the parties reasonably ascertainable. It must contain all the essential terms of a binding agreement. It must be neither vague nor indefinite. (*United Press* v. *New York Press Co.*, 164 N. Y. 406; *Varney* v. *Ditmars*, 217 N. Y. 223.) If it is intended to be an agreement to sell, it must not only indicate an obligation to buy, but also an obligation to sell, and it must set forth the names of the seller and buyer, the price at which it is to be sold and the mode and time of payment. (*Mentz* v. *Newwitter*, 122 N. Y. 491.) In this case virtually all of those essentials are lacking.

The provision, moreover, is lacking in mutuality for, even though it be strained to spell out an undertaking by the widow to sell, there is no undertaking by the surviving stockholder to buy. This defect, too, makes the provision void and unenforcible. (*Topken, Loring & Schwartz, Inc.* v. *Schwartz,* 249 N. Y. 206; *Schlegel Mfg. Co.* v. *Cooper's Glue Factory,* 231 N. Y. 459; *Zilmaur Realty Corp.* v. *Pinkney,* 208 App. Div. 467.) As the court expressed it in the *Schlegel* case (p. 462): " Unless both parties to a contract are bound, so that either can sue the other for a breach, neither is bound."

Aside from the infirmities affecting the provision under discussion, there appears to be no reason why the plaintiffs should have invoked the aid of the court by declaratory judgment, with specific performance as incidental relief. If the defendant breached a valid and enforcible term of the agreement, for which the plaintiffs had no adequate remedy at law, they could obtain full relief by a direct action for specific performance. Where full and adequate relief is thus already provided for by another well-known form of action, declaratory judgment is unnecessary and should not be resorted to. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305; *Newburger* v. *Lubell,* 257

N. Y. 383, 386; *79 Delancey Corp.* v. *Meridan Holding Corp.*, 286 N. Y. 354, 357.) If it was resorted to here to procure a declaration as to the right of the individual plaintiff to become interested in a competitive business, then it was clearly improper. There was no existing controversy between the parties with respect to paragraph 4 of the agreement, and to seek a declaration upon it was to seek free legal advice. This is not the function of an action for a declaratory judgment. (*Wardrop Co.* v. *Fairfield Gardens*, 237 App. Div. 605, 606.)

Motion to dismiss the complaint is granted. The clerk is directed to enter judgment accordingly.