Joseph A. Gavagan, J.
Plaintiffs seek leave pursuant to section 325 of the Civil Practice Law and Rules to transfer this action to the Civil Court, County of New York, upon the following grounds: (a) the demand is excessive and plaintiffs consent to reduce the damages to $10,000; (b) no counterclaim has been interposed in this action. The defendant corporation says ordinarily it might be appropriate to consent to a transfer but is prohibited from doing so under these circumstances. This is an action arising out of an alleged “ hit ” and “ run ” accident brought directly against the MVAIC as permitted by section 618 of the Insurance Law. The language of this statute is specific. It grants the power to the Supreme Court to allow an action to be brought against MVAIC solely “ in such court ” (subd. [a]). Plaintiff urges that section 325 of the Civil Practice Law and Rules gives this court power to transfer this action. With such contention the court disagrees. A reading of the history of section 325 is both informative and interesting. Subdivision (c) covers the present situation. Derived from section 110-b of the Civil Practice Act, it provides a procedure for transferring a properly commenced litigation to a court of inferior jurisdiction where the relief sought may be obtained in the lower court. Any motion made to effect the change will be made in the court of first instance. The requirement that the plaintiff obtain the consent of the defendant where there is a counterclaim or where the lower court would not have had jurisdiction over the defendant if the action had originally been commenced there is not found in the judiciary article of the State Constitution. Under article VI (§ 19, subd. a) of the Constitution, full transferability of cases is provided for without consent, provided only that the court to which the case is transferred has jurisdiction of the subject matter and over the classes of persons named as parties. In view of the above the motion is denied.