■ PHILIP EDWARDS, Appellant, v. DAVID BERGNER et al., Respondents. (Appeal No. 1—Action No. 1.) PHILIP EDWARDS, Appellant, v. THE NEW NAUTILUS, INC., Respondent. (Appeal No. 2—Action No. 2.)—[Appeal No. 1.] In an action (No. 1) for a declaratory judgment and other relief, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County, dated July 28, 1964, as granted the cross motion of the individual defendants to stay the action pending arbitration. Order, insofar as appealed from, affirmed, without costs. Arbitration of the dispute between plaintiff and the corporate defendant has been ordered pursuant to a provision for such arbitration in a written agreement between them. The controversy between plaintiff and the individual defendants, who are not

parties to the arbitration agreement but who are officers or directors of the corporate defendant, involves issues similar to those in the arbitration proceeding. Under such circumstances, we are of the opinion that the Special Term did not abuse its discretion in staying the action as against the individual defendants, pending the arbitration (cf. *Flash* v. *Goldman,* 278 App. Div. 829; *Bartley Bros. Constr. Corp.* v. *National Sur. Corp.,* 280 App. Div. 798; *Dot's Blvd. Corp.* v. *Rosenfeld,* 285 App. Div. 425). [Appeal No. 2.] In a proceeding (Action No. 2) to compel arbitration, the petitioner appeals from an order of the Supreme Court, Richmond County, dated July 28, 1964, which denied his application and granted the respondent corporation's cross motion to dismiss the petition. Order reversed on the law, without costs; respondent's cross motion to dismiss the petition denied; and petitioner's application to compel arbitration as requested in the petition granted. The dispute between the parties involves petitioner's obligation to pay rent or maintenance charges on apartments owned by him in the co-operative apartment house of the respondent. A summary proceeding based on the alleged nonpayment of such charges, in a sum in excess of $53,000, is pending in the District Court of Nassau County. The instant application to compel arbitration was denied and the petition was dismissed by the Special Term on the ground that the District Court "had jurisdiction of the subject matter of plaintiff's petition." In our opinion, however, the power of the District Court to compel arbitration is limited to claims within the ordinary $6,000 monetary jurisdiction of that court (cf. UDCA, § 206; Nassau County District Court Rules, rule 26). Accordingly, the motion to compel arbitration could not be made in the summary proceeding pending in the District Court (cf. CPLR 7503, subd. [a]); and the application was properly made in an independent proceeding in the Supreme Court (cf. CPLR 7502, subd. [a]). We are also of the opinion that arbitration should be directed. While the summary proceeding is based upon a proprietary lease, executed by petitioner in 1963, which contains no provision for arbitration, the parties prior thereto, in 1960, had entered into a written agreement which provided, *inter alia*: (a) that petitioner would sign proprietary leases for his apartments and would pay the maintenance charges therefor; and (b) that "Any dispute or claim arising out of or relating to this agreement or the breach thereof, shall be settled by arbitration". The dispute over the maintenance charges comes within the arbitration clause of the 1960 agreement; and the parties' agreement to arbitrate that question is enforcible (CPLR 7501). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.