■ Cutting Room Appliances Corp. et al., Appellants, v. Charles Finkelstein, Respondent, et al., Defendants.— Order entered April 10, 1969, denying plaintiffs' motion for summary judgment and granting defendant-respondent's cross motion to compel arbitration, unanimously reversed, on the law, with $50 costs and disbursements to respondent, the cross motion to compel arbitration denied as academic and summary judgment granted to defendant-respondent dismissing the complaint. In this action for a judgment declaring invalid a stockholders' agreement between the defendants, plaintiffs contend they are not parties to the agreement and, therefore, not bound to arbitrate as therein provided. Not being parties to the agreement, the plaintiffs are not real parties in interest and fail to establish jurisdiction to entertain this action. (*Ivory* v. *Edwards*, 278 App. Div. 359, 360, affd. 304 N. Y. 949.) Lack of jurisdiction may be noted by the court at any stage of the action, even if the parties purport to consent to jurisdiction. (*Matter of Walker*, 136 N. Y. 20, 30; *Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315, 324.) Moreover, it does not appear there is a justiciable dispute. It is not alleged that any action or meeting of directors or officers has been or is about to be affected by the agreement or that the parties to the agreement have voted or propose to vote or act as directors or officers under compulsion of the agreement. (*Ivory* v. *Edwards, supra*; *Miskowitz* v. *Starobin*, 181 Misc. 445, 449, affd. 267 App. Div. 866.) On a motion for summary judgment, the court may grant such judgment to a party other than the moving party without the necessity of a cross motion. (CPLR 3212, subd. [b].) The appeal from so much of the order as stays the action pending arbitration is dismissed as academic in view of the dismissal of the complaint. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.