William F. Christiana, J.
The parties hereto entered into a written agreement, dated June 30, 1970, which contained a provision for arbitration of disputed claims. Respondent, by written notice dated January 15, 1973, served upon petitioner a demand for arbitration of certain specified claims arising out of the agreement. Petitioner, by petition verified February 9, 1973, and by an order to show cause issued out of this court on the same date, instituted this proceeding seeking an order staying arbitration. On the return date, respondent challenged the jurisdiction of the court.
The pertinent portions of subdivision (a) of CPLR 7502 read as follows: “ The proceeding shall be brought in the court and county specified in the agreement; or, if none be specified, in a court in the county in which one of the parties resides or is doing business, or, if there is no such -county, in a court in any county; or in a court in the county in which the arbitration was held.” The agreement in this instance designated no specific court.
It is quite true, as petitioner contends, that section 1459 of the former Civil Practice Act, from which the above-quoted statute was derived, mandated that, absent a court specified in the contract or in the submission to arbitration, the proceeding was required to be addressed to the Supreme Court and that subdivision (a) of CPLR 7502 has omitted such requirement. Hence, it is argued, that since petitioner’s place of business is Columbia County and the County Court being a court in such county, jurisdiction is acquired. Syllogistically this seems sound but the court is persuaded otherwise.
It is doubted if the statute is to be interpreted quite as literally as it is written. Were this so, the application could theoretically be addressed to a Court of Special Sessions or to a Village Court within the county. This result was scarcely intended.
It is suggested that the court referred to in the statute means a court of competent jurisdiction only. In this connection, it may be noted that the monetary jurisdiction of the Columbia County Court is limited to $6,000. The total amount involved in the claims in dispute far exceeds such a sum. The language of the Appellate Division, Second Department, in Edwards v. *872 Bergner (22 A D 2d 808, 809) 'may be noted. The court said: 11 The instant application to compel arbitration was denied and the petition was dismissed by the Special Term on the ground that the District Court ‘ had jurisdiction of the subject matter of plaintiff’s petition. ’ In our opinion, however, the power of the District Court to compel arbitration is limited to claims within the ordinary $6,000 monetary jurisdiction of that court (cf. UDCA, § 206; Nassau County District Court Rules, rule 26). Accordingly, the motion to compel arbitration could not be- made in the summary proceeding pending in the District Court (cf. CPLR 7503, subd. [a]); and the application was properly made in an independent proceeding in the Supreme Court (cf. CPLR 7502, subd. [a]).”
It follows that, if the power to compel arbitration is limited by the monetary restrictions of a court, the authority to stay arbitration is similarly inhibited.
An additional factor weighs the balance. To assume jurisdiction of this proceeding would mean to construe the provisions of CPLR article 75 as intending to enlarge the jurisdiction of the County Court as defined in section 190 of the Judiciary Law. This I am also convinced was not intended. The County Court, being a court of limited jurisdiction, should not assume authority where none is specifically granted.
It is concluded that the Columbia County Court, does not have jurisdiction over this proceeding. Consequently, the order to show cause containing the stay issued on February 9, 1973, is vacated, and the proceeding dismissed, without prejudice to the petitioner to apply to the Supreme Court for the requested relief.