■ In the Matter of BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 3, TOWN OF TUXEDO, ORANGE COUNTY, Appellant, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent, and ROSEMARY SHEEDY et al., Intervenors-Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered July 27, 1973 in Albany County, which dismissed, on the merits, petitioner's application and the intervenors' cross application, in a proceeding pursuant to CPLR article 78, challenging a decision of the Commissioner of Education. The judgment should be affirmed (see *Matter of Johnson v. Nyquist*, 46 A D 2d 930). Judgment affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of RAYMOND J. BLANCHFIELD, Respondent, v. TOWN OF HALFMOON et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered November 9, 1973 in Saratoga County, granting respondent permission to amend his petition in a proceeding pursuant to CPLR article 78. A notice of motion and an unverified petition was served upon appellant on October 23, 1973 seeking relief by way of CPLR article 78 from the denial of a variance by the Zoning Board of Appeals of the Town of Halfmoon. The matter was returnable at a Special Term of Supreme Court to be held on November 5, 1973. Appellant made a timely motion to dismiss for failure to effect service at least 20 days before the return date (CPLR 7804, subd. [c]). On the return day, Special Term treated the short notice as an irregularity, adjourned the matter and allowed respondent the opportunity to amend his petition to comply with the statute. Respondent's failure to follow the clear mandate of the statute was not a mere irregularity, but a jurisdictional defect that left no room for the exercise of discretion by Special Term (*Matter of Dickerson v. Jensen*, 33 A D 2d 890). Order reversed, on the law, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.

■ FIRST NATIONAL BANK AND TRUST COMPANY OF ELLENVILLE, Respondent, v. CLASSIC COLLATERAL CORP. et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered November 12, 1973 in Ulster County, which denied a motion to vacate a default judgment. This case was before this court on an appeal from the default judgment. (*First National Bank & Trust Co. of Ellenville v. Classic Collateral Corp.*, 44 A D 2d 868.) We held that defendants could not appeal from a default judgment and dismissed the appeal. Special Term has refused to open the default upon the ground that defendants' repeated delays and last minute attempts to secure various counsel were dilatory actions. We have examined the record and, under the circumstances, we cannot say, as a matter of law, that Special Term improvidently exercised its discretion. Order affirmed, with costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.