Burton S. Sherman, J.
This case illustrates one of the many procedural difficulties caused by the fragmented jurisdiction of the Civil Court of the City of New York and the State Supreme Court in a multitier court system.[1]
The intervener Motor Vehicle Accident Indemnification Corporation (MVAIC) moves to vacate a judgment on the grounds that it was not given an opportunity to contest the issues raised during the trial.
The plaintiff, a pedestrian brought an action in this court alleging that he was struck and injured by defendant’s automobile. Defendant denied ownership and control, claiming that his vehicle was not involved. Thereafter the plaintiff, as a precautionary measure, served a notice pursuant to the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art 17-A, § 608) upon MVAIC of its intention to file a hit- and-run claim. MVAIC entered an appearance in this action and conducted pretrial examinations of the parties.[2] Its position throughout has been adverse to the defendant in that it maintains that defendant’s vehicle was involved in the accident. The trial was held without MVAIC being present and resulted in a special verdict in favor of the defendant. Judgment was entered accordingly.
The court is satisfied that MVAIC had a reasonable excuse for its failure to appear at the trial and has a meritorious defense. Moreover, the denial of this motion would severely prejudice MVAIC by preventing it from ever litigating the hit- and-run issue of the case. The Insurance Law (§ 618, subd [a], par [5]), in effect, authorizes the Supreme Court to order an action by a hit-and-run victim against MVAIC once it is satisfied that such an accident occurred.[3] Since the plaintiff did not prevail in the instant action it must now apply to the Supreme Court for such relief. While MVAIC did not participate at the trial it did appear in the action. Therefore the finding by this court that defendant was not involved and, by inference, that plaintiff was a hit-and-run victim may well be res judicata or collateral estoppel in the Supreme Court. This *460 is particularly true with the expanded application of that doctrine. (Israel v Wood Dolson Co., 1 NY2d 116; Mitchell v Insurance Co. of North Amer., 40 AD2d 873; cf. Gilliam v Lee, 32 AD2d 1058; Helschein v Harty Elec. Co., 55 Misc 2d 122.)[4] Thus, MVAIC would be forever precluded from litigating the hit-and-run issue and would be forced to defend plaintiffs suit. It would be deprived of its day in court and be unable to avail itself of any savings clause provided under the CPLR since the judgment is on the merits. (Cf. CPLR 205, subd [b]; CPLR 3215, 5013.)
While the procedures of article 17-A of the Insurance Law (Motor Vehicle Accident Indemnification Corporation Law) are properly designed to avoid fraud, this motion presents one more example of the difficulty caused by the different jurisdictional limitations of the Civil Court and the Supreme Court. (Garfinkle v Kaplan, 77 Misc 2d 1097.) There is no reason why all the issues involved in this case could not be decided before one court. (Cf. Stevens v MVAIC, 41 Misc 2d 1013.) A unified court system would not only prevent these procedural anomolies, worthy of a Franz Kafka novel, but also ease the burdens of litigation and reduce calendar congestion.
The motion is granted, the findings and judgment vacated and the case restored to the appropriate trial calendar. The calendar clerk shall be promptly notified of this disposition.

. For a complete discussion see American Bar Association, Standards Relating to Court Organization (§ 1.11, subd [b], p 7 [1974]).

. Insurance Law (§ 609, subd [b]) provides that after receiving notification from the plaintiff of intention to make a claim MVAIC can intervene in a pending action, file a defense conduct pretrial examination and appear at the trial "in the name of the corporation and the defendant”.

. The Supreme Court may decide the application summarily or direct a hearing on the issue of the hit-and-run accident. (Hodge v Carson, 39 AD2d 637.)

. On the other hand if this court’s finding and judgment is not res judicata, then conceivably a Supreme Court finding that there has not been a hit-and-run accident would ever preclude the plaintiff from any recovery.