Burton S. Sherman, J.
The plaintiff insurance company moves for summary judgment pursuant to CPLR 3212 to rescind a contract of disability insurance alleging that it was procured by means of material misrepresentations. The defendant insured counterclaimed for disability benefits under the contract in the sum of $8,400 together with any additional sums that may be found due at the time of the trial of the action.
The rescission action was instituted in the Supreme Court, New York County, in July, 1971. It was assigned to an individual Calendar Part where various pretrial motions were made and determined. While plaintiff’s motion for summary judgment was pending, the action was assigned for trial to the Civil Court of the City of New York by order of the Supreme Court dated July 21, 1975, pursuant to CPLR 325 (subd [d]). Thereafter the same motion was resubmitted before this court on the eve of trial. Such a motion for summary judgment searches the record. (Atlas Credit Corp. v Ezrine, 25 NY2d 219, 233.)
CPLR 325 (subd [d]) states that the Appellate Division by rule and in its discretion if the calendar conditions in a lower court so permit may "remove such action without consent to such lower court where it appears that the amount of damages sustained may be less then demanded, and the lower court would have had jurisdiction but for the amount of damages demanded. ” (Emphasis added.) The Appellate Division, First Department, promulgated such a rule on July 30, 1973. (22 NYCRR 660.21.)
Section 202 of the New York City Civil Court Act states that this court "shall have jurisdiction of actions and proceedings for the recovery of money * * * where the amount *595 sought to be recovered * * * does not exceed $10,000.” However, no equity is bestowed upon this court in the first instance. Since the plaintiff sues in equity for rescission, this court is without subject matter jurisdiction. Nor does the fact that this was a Supreme Court action confer jurisdiction on this court by virtue- of the transfer. CPLR 325 (subd [d]) only directs transfer to the Civil Court of actions where this court would have jurisdiction in the first instance except for the amount of money damages sought.
This case again illustrates the procedural chaos and delay caused by a fragmented court system. The action arose out of a 1969 controversy under a contract executed in 1967. The court has been informed that the defendant is now totally blind and in need of financial support. The case clearly demands immediate resolution. And this was the reason it was transferred to the Civil Court for trial in the first place. However, because of the jurisdictional road blocks indigenous to a multi-tier court system, this case must now be returned to the Supreme Court. While our court houses are only two city blocks apart, there is a perilous procedural quagmire between them. (Garfinkle v Kaplan, 77 Misc 2d 1097; Mantilla v Aras, 82 Misc 2d 458.) To further illustrate the absurdity of the situation, the Civil Court Act (§ 208, subd [e], par 1) permits the entertainment of counterclaims for rescission of transaction upon which the plaintiff’s action is based. If the defendant in this case had sued first and the plaintiff counterclaimed for rescission, this court would have jurisdiction. However the plaintiff sued first, hence, no jurisdiction.
A unified trial court system would prevent these procedural absurdities, ease the burden of litigation, reduce calendar congestion and lead to the expeditious resolution of disputes. While the views of this court at nisi prius may be looked upon as parochial, the same reasoning has been adopted by the American Bar Association. (See report of the ABA Commission on Standards of Judicial Administration, 1974, § 1., ll[b].) The ABA urges that States in the interest of orderly procedure and justice adopt unified court systems free from the archaic jurisdictional and procedural rules of bygone days.
Accordingly, the motion is denied without prejudice to renew and the action is transferred to the Supreme Court, New York County.