■ In the Matter of GORDON I. STODDARD, Respondent, v TOWN BOARD OF THE TOWN OF MARILLA et al., Appellants.—Judgment unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: This article 78 proceeding was brought to review and annul respondent town board's determination denying petitioner's application to rezone a parcel of his land in the town and for judgment directing such rezoning. Instead of instituting the proceeding by order to show cause petitioner used a notice of motion returnable on January 15, 1975, 15 days after its date. Since CPLR 7804 (subd [c]) requires that such a notice be returnable "at least twenty days before the time at which the petition is noticed to be heard", respondents moved on the return date for dismissal on the ground that the court had no jurisdiction because of the inadequate notice. The court entertained the motion and on March 3, 1975 rendered its decision denying the motion, on which an order was entered on March 7, 1975 "without prejudice". Thereupon, on March 25, 1975 respondents interposed an answer to the petition and by way of affirmative defense pleaded that "(T)he failure of petitioner to give adequate notice of the proceeding deprives the court of jurisdiction." In that posture the proceeding came on for determination at Special Term, which held that because respondents did not appeal from the above order they were bound thereby; and the court assumed jurisdiction of the proceeding, annulled respondents' determination and ordered respondents to rezone as requested in the petition. Clearly the court erred in its order of March 7, 1975 denying respondents' motion to dismiss the proceeding for inadequate notice (*Matter of Blanchfield v Town of Halfmoon,* 46 AD2d 930; *Matter of Stream v Beisheim,* 34 AD2d 329, 331; *Matter of Dickerson v Jensen,* 33 AD2d 890; *Matter of Beck v Goodday,* 24 AD2d 1016; *Matter of Tara Homes v Volz,* 44 Misc 2d 275; CPLR 7804, subd [c]). However, since the court denied the motion without prejudice to respondents raising the defense in their answer, the issue was preserved and should have been ruled upon anew by the court in considering the article 78 proceeding (see *Matter of Beck v Goodday, supra),* instead of adopting the prior erroneous decision. In any event, although the intermediate order of March 7, 1975 denying the motion to dismiss the petition was immediately appealable, respondents, as aggrieved parties, could still have it reviewed on appeal from the final judgment (CPLR 5501, subd [a], par 1). Indeed, the intermediate order was a nullity because the court lacked jurisdiction and its order was void and must be so treated on either direct or collateral attack (*Kamp v Kamp,* 59 NY 212, 215–216; see, also, *Hughes v Cuming,* 165 NY 91; *Losey v Stanley,* 147 NY 560; *Risley v Phenix Bank of City of N. Y.,* 83 NY 318, affd 111 US 125), and at any stage of the action or proceeding (*Cutting Room Appliances Corp. v Finkelstein,* 33 AD2d 674), including an appeal (*Robinson v Oceanic Steam Navigation Co.,* 112 NY 315; *Marony v Applegate,* 266 App Div 412, 420; *Matter of Deile v Boettger,* 250 App Div 633). The record contains no evidence that respondents waived the notice requirement; and hence the failure to obey the statutory mandate was fatal to the proceeding. (Appeal from judgment of Erie Supreme Court —article 78—zoning.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.