Charles H. Cohen, J.
The court previously granted petitioner’s application made in this proceeding to stay arbitration of a dispute concerning "Unpaid No Fault benefits” sought by respondent on the ground that respondent had waived her right to arbitration. While not mentioned on that prior application, respondent, dissatisfied with the previous determination of the court, now asserts for the first time, by this motion, that this court lacks jurisdiction over the subject matter of this proceeding and requests that the petition and this proceeding be dismissed.
Respondent points out that this proceeding was one brought under CPLR 7503 to stay arbitration and that it was a "first application” within the meaning of the first sentence of CPLR 7502 (subd [a]) which provides that "A special proceeding shall be used to bring before the court the first application arising out of an arbitrable controversy which is not made by motion in a pending action.”
CCA 206 (subd [a]) states: "If an action of which the court has jurisdiction has been duly commenced therein, and there arise in such action any questions relating to the arbitrability of the controversy, the court shall have jurisdiction completely *287 to dispose of such questions and CPLR article 75 shall be applicable thereto. But the court shall not have jurisdiction of the special proceeding, as set forth in CPLR § 7502 (a), used to bring before a court the first application arising out of an arbitrable controversy, except as provided in subdivision (b).” (CCA 206, subd [b], relates to proceedings subsequent to an award and is not applicable to the instant situation.)
Petitioner, in order to avoid the impact of the second sentence of CCA 206 (subd [a]), and despite the fact that it brought this special proceeding and did not move to stay arbitration of a pending action, is now trying to take the position that the action, which had been brought in this court by respondent and then discontinued prior to petitioner’s application, is still pending since no judgment was entered in that action. As a consequence, petitioner argues, this court has jurisdiction pursuant to the first sentence of CCA 206 (subd [a]) since the question concerning arbitrability arose in a pending action.
The difficulty with this argument is that the original action was discontinued in accordance with CPLR 3217 (subd [b]). Upon such a discontinuance, the action was no longer pending. (See Colla-Negri v Colla-Negri, 8 Misc 2d 415, 416, app dsmd 8 AD2d 718; Balbert v Balbert, 190 Misc 628, 632.) A judgment, which is a "determination of the rights of the parties” (CPLR 5011), is not necessary to terminate an action where that action has been properly discontinued. Accordingly, the court concludes that it did not have jurisdiction over the application to stay arbitration since that application was a "first application”.
The next question to be decided is whether respondent waived its objection concerning the lack of subject matter jurisdiction. The Court of Appeals in Robinson v Oceanic Steam Nav. Co. (112 NY 315, 324) many years ago set forth the applicable rule as follows: "Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties. The objection to the jurisdiction in such case may be taken at any stage of the action, and the court may, ex mero motu, at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action.” Thus, there can be no waiver of an objection to the lack of subject matter jurisdiction and this objection may be raised at any time. (Matter of Stoddard v Town Bd. of Town of Marilla, 52 AD2d 1091; Cutting Room Appliances Corp. v Finkelstein, *288 33 AD2d 674.) The court notes that to the extent that it may be argued that the Court of Appeals in the recent case of Lacks v Lacks (41 NY2d 71) may have retreated from the full effect of this rule with respect to the jurisdiction of the Supreme Court, any change in this rule would not affect this case since this court is one of limited jurisdiction established pursuant to section 15 of article VI of the State Constitution. Accordingly, the court finds that the objection now made to the jurisdiction of this court is well taken and has not been waived.
Respondent maintains that in view of the failure of petitioner to commence this proceeding in the Supreme Court, this proceeding must be dismissed, However, subdivision f of section 19 of article VI of the State Constitution, as revised in 1962, provides that: "The courts for the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction.” Therefore, it would be inappropriate to dismiss this proceeding. (Matter of Young, 80 Misc 2d 937, 939.) In accordance with the constitutional power vested in this court and the mandate of the State Constitution, it is directed that this proceeding be transferred to the Supreme Court, Queens County. (Adams v Hunter Coll., 87 Misc 2d 436, 440; Kemper v Transamerica Ins. Co., 61 Misc 2d 7, 9.) Either party may take such action as may be necessary to effectuate this transfer. Upon application of either party, the clerk of this court is directed to transfer the file of this proceeding to the Supreme Court, Queens County.
In concluding, the court cannot help but note that this case is another illustration of the procedural chaos caused by our fragmented court system (Adams v Hunter Coll., supra; Bankers Security Life Ins. Soc. v Hayden, 84 Misc 2d 593; Mantilla v Aras, 82 Misc 2d 458; Garfinkle v Kaplan, 77 Misc 2d 1097), and that the disposition of this matter will now be further delayed.