OPINION of the court
Loren N. Brown, J.
By notice of motion, dated February 1,1982, third-party defendant John F. Byrne moves for leave to reargue a prior motion to relieve his default in this action, and for an order vacating the prior decision finding Byrne in default, and permitting him to interpose a third-party answer.
By notice of motion, dated February 2,1982, third-party defendants Byrne and For-Del, Inc. (hereinafter Byrne) move for an order vacating the default judgment and dismissing the third-party complaint on the ground that that complaint seeks damages in excess of the $10,000 jurisdictional limit of this court.
The third-party plaintiff opposes Byrne’s motions, and cross-moves for various forms of affirmative relief.
*1045 In regard to the motion to reargue, Byrne urges this court to partially excuse the law office failure which purportedly resulted in the default, and adopt the approach of such decision as Cockfield v Apotheker (81 AD2d 651), by vacating the default, and monetarily penalizing the defaulting party’s attorney or attorneys.
However, Byrne appears to have misapprehended the thrust of this court’s prior decision to grant the default judgment. The court did not ground its decision on law office failure, but rather on the defendant’s own failure to take the necessary measures to initiate a defense. This is an instance, not of a bewildered litigant at the mercy of a dilatory law office, but rather of a party who, perhaps lulled by thé security of an indemnification agreement with Ford Motor Company, failed to initiate action by his own attorneys, until shocked out of complacency by the restraint of his bank accounts. The court finds no reason to excuse that kind of default on the part of a defendant.
Regarding the motion to set aside the judgment and third-party action upon the grounds that the ad damnum clause and judgment exceed $10,000 jurisdictional limit of the court, the court affirms its prior decision of May 30, 1981 (109 Misc 2d 39), and incorporates, by reference the ratio decidendi of that decision. The cases cited by Byrne are all instances where the original ad damnum was in excess of County Court’s monetary jurisdiction, and, therefore, jurisdiction was correctly denied.
Accordingly, both of Byrne’s motions are, in all respects, denied.
The third-party plaintiff’s cross motion is also, in all respects, denied. The motion is, in essence, an impermissible attempt to penalize Byrne for seeking reargument, and for appealing the court’s prior determination. The court is not disposed to do so.