Marine Midland Bank, N. A., Plaintiff, v Edward T. Bowker, Defendant and Third-Party Plaintiff-Respondent. John F. Byrne, Doing Business as Jack Byrne Ford & Mercury, et al., Third-Party Defendants-Appellants.

Third Department, October 28, 1982

APPEARANCES OF COUNSEL

*Schrade & Kimmey* (*Karl H. Schrade* of counsel), for third-party defendants-appellants.

*Paul M. Whitaker,* for defendant and third-party plaintiff-respondent.

OPINION OF THE COURT

LEVINE, J.

In 1979, defendant Bowker purchased an automobile from the automobile agency of third-party defendant John F. Byrne (Byrne), to be financed by a retail installment contract which was subsequently assigned to plaintiff. After defendant defaulted in payment, plaintiff brought suit against defendant for the balance due. Defendant interposed an answer which, *inter alia,* asserted a counterclaim for breach of warranty based upon the alleged defective condition of the vehicle. Thereafter, defendant also brought a third-party action against Byrne, as dealer, and Ford Motor Company, as manufacturer, alleging over $150,000 in direct and consequential damages. Because of alleged confusion as to whether Ford's attorneys would represent him, Byrne did not interpose an answer. Defendant moved County Court for a default judgment against Byrne. The court rendered a decision and granted judgment for $11,843.35, considering *sua sponte* the issue of its jurisdiction to grant relief in the impleader action in excess of its monetary jurisdictional limit (NY Const, art VI, § 11, subd a; Judiciary Law, § 190, subd 5). A motion to vacate the default was denied on the ground that Byrne had failed to establish an excusable default. Byrne then moved for leave to reargue the prior motion and also brought a separate motion to dismiss the third-party complaint on the ground that it sought damages exceeding County Court's jurisdictional limit of $10,000. Both motions were denied (112 Misc 2d 1044), and Byrne and Ford have appealed.

The appeal from the denial of the motion to reargue is dismissed, since no appeal lies from an order denying reargument (see, e.g., *Carlucci v Poughkeepsie Newspapers,* 88 AD2d 608). However, whether the motion to dismiss is deemed to be an initial motion or, because the court had already decided it *sua sponte,* a motion to reargue, it is properly before us insofar as it involves the issue of the court's subject matter jurisdiction. The order or judgment of a court lacking subject matter jurisdiction is void, and objection to the court's jurisdiction in such a case may be taken at any stage of the action, including on

appeal (*Robinson v Oceanic Steam Nav. Co.*, 112 NY 315, 324; *Matter of Stoddard v Town Bd. of Town of Marilla*, 52 AD2d 1091).

Turning to the merits of the jurisdictional issue, County Court erroneously based its decision upon its combined reading of *Cohen Agency v Perlman Agency* (51 NY2d 358), section 190-b of the Judiciary Law, and *Howard Iron Works v Buffalo Elevating Co.* (176 NY 1). The issue here would never have arisen before *Cohen,* which, construing impleader more broadly than merely strict indemnification on the main action, allowed a third-party plaintiff to claim over for an amount greater than the amount demanded in the complaint. *Cohen,* however, was an action commenced in Supreme Court. Therefore, while it would permit the assertion of a third-party claim in a County Court action in an amount greater than that demanded in the complaint, *Cohen* does not necessarily determine that the claim over could exceed the monetary jurisdictional limit of County Court. *Howard,* which held that County Court has jurisdiction over a counterclaim in any amount,[1] is also distinguishable from the instant impleader issue. At the time *Howard* was decided, a counterclaim generally had to arise out of the transaction sued upon in the complaint[2] (Civ Prac Act, § 266). Now a defendant may use as a counterclaim any claim he has against the plaintiff, whether related or not to the plaintiff's action (CPLR 3019, subd [a]). Furthermore, plaintiff was the one in *Howard* who had invoked the jurisdiction of County Court to resolve his dispute and, therefore, having picked the forum for that purpose, could hardly object to a full resolution of that dispute when defendant interposed a related counterclaim. Subdivision 1 of section 190-b of the Judiciary Law states "Where a county court has jurisdiction of an action * * * it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, that the supreme court possesses in a like case". In

---

1. After *Howard* was decided, the New York Constitution was amended to expressly exclude monetary limitations on counterclaims in County Court (NY Const, art VI, § 11, subd c).

2. The only instance where a counterclaim not arising out of the same transaction was permitted was where plaintiff's suit was in contract, in which case a counterclaim would be based on any contract (Civ Prac Act, § 266, subd 2).

our view, this language cannot be so broadly read as to expand County Court's jurisdiction of third-party actions. "Where a county court has *jurisdiction of an action*" obviously refers to both subject matter jurisdiction over the dispute and personal jurisdiction over the parties. In situations where County Court has such jurisdiction, section 190-b gives the court the power to grant full relief, just as if the action had been in Supreme Court. An impleader, however, is a new action and involves new parties. Moreover, County Court's expansive reading of section 190-b would be inconsistent with the limitations of subdivisions 3 and 5 of section 190 of the Judiciary Law regarding residency of defendants, in that it could extend County Court's jurisdiction to include third-party defendants who did not reside or have an office in the county. Unless section 190-b is read in context with the statutory and constitutional sections which define County Court's jurisdiction (NY Const, art VI, § 11, subd a; Judiciary Law, § 190), we will render meaningless the whole concept of County Court as a court of limited jurisdiction. For all of the foregoing reasons, since County Court lacked jurisdiction over the third-party action, it improperly denied the motion to dismiss. In view of this determination, the appeal from the order entered December 10, 1981, is rendered moot.

The order entered March 24, 1982, insofar as it denied the motion of the third-party defendants to vacate the default judgment and dismiss the third-party complaint, should be reversed, on the law, without costs, and said motion granted; the appeal from said order, insofar as it denied a motion for reargument, should be dismissed, without costs.

The appeal from the order entered December 10, 1981, should be dismissed, as moot, without costs.

SWEENEY, J. P., MAIN, MIKOLL and WEISS, JJ., concur.

Order entered March 24, 1982, insofar as it denied the motion of the third-party defendants to vacate the default judgment and dismiss the third-party complaint, reversed, on the law, without costs, and said motion granted; appeal from said order, insofar as it denied a motion for reargument, dismissed, without costs.

Appeal from order entered December 10, 1981, dismissed, as moot, without costs.