OPINION OF THE COURT
John R. Cannizzaro, J.
This is a motion by petitioner for an order entering a judgment by default based upon respondent’s failure to answer the petition. The respondent cross-moves for an order dismissing the action for lack of subject matter jurisdiction. Respondent further moves for a transfer of the action to Supreme Court, for leave to interpose an answer to the petition, to consolidate this action with another and to change the caption and proceeding to a civil action.
The action was commenced as a summary proceeding to recover possession of real property under RPAPL 701 et seq. The property sought to be recovered is commercial property and was rented to respondent on an oral month-to-month agreement.
The petitioner served a 30-day notice upon respondent terminating the monthly tenancy as of September 30, 1982. Petitioner then commenced a holdover proceeding after respondent failed to vacate on said date.
On October 27, 1982, the parties herein entered into a stipulation wherein the cause of action for rent due was severed and judgment of possession was granted to the *846 petitioner with the warrant of eviction stayed until November 22, 1982. It also contained a proviso that petitioner’s claim for rent be severed and a settlement of that claim be effectuated. In the event of the failure to accomplish that end, the petitioner’s attorney shall notify the respondent’s attorney of the petitioner’s intent to litigate and the respondent shall have 10 days thereafter to serve an answer to petitioner’s claim for rent.
In accordance with the terms of the stipulation the respondent vacated the premises timely. On February 3, 1983 respondent was notified of the petitioner’s intent to litigate the claim for rent due. However, respondent did not interpose an answer as agreed.
RPAPL article 7 relating to summary proceedings to recover possession of real property vests jurisdictional power in this court (RPAPL 701 et seq.).
It has been held that statutes relating to summary proceeding must be strictly construed. (Smith v Keech, 112 NYS2d 803, 805.) “The subject matter of a [statutory] special proceeding * * * is a dispute over the right of possession of real property * * * [and] the purpose * * * is to provide for simple, expeditious, and inexpensive adjudications of disputes between landlords and tenants over rights of possession.” (Allyn v Markowitz, 83 Misc 2d 250, 251.)
In the case at bar, the parties herein mutually consented to a severance of the causes of action. Initially, it was a summary proceeding for the possession of real property.
Pursuant to the terms of the stipulation of October 27, 1982, possession of the real property was delivered to the petitioner landlord thereby terminating the landlord-tenant relationship and leaving a plenary action for money.
Consequently, the result is that the plenary action in this matter cannot be tried in this court inasmuch as the amount sought, to wit: $34,117, is in excess of the jurisdictional limit of this court.
Therefore, since a separate trial for the claim for rent cannot be held in this court, the petitioner landlord is not entitled to a default judgment.
Respondent’s motion to dismiss the action for lack of subject matter jurisdiction is denied. In the case at bar, the *847 court had jurisdiction. Initially, this was a summary proceeding in which the court is empowered to render judgment for rent due without regard to amount. (CCA 204.) Subsequently, the proceeding was no longer in the nature of a summary proceeding but rather one for plenary action for money in an amount exceeding the court’s jurisdictional limit. (CCA 201, 202.)
The proper action to be taken is to transfer the matter to the Supreme Court. (NY Const, art VI, § 19, subd f; Kemper v Transamerica Ins. Co., 61 Misc 2d 7; Zurich Ins. Co. v Evans, 90 Misc 2d 286.) “To minimize fragmentation of jurisdiction, section 19 of article VI of the Constitution provides for transfer, rather than dismissal, of actions and proceedings not cognizable in the transferring court.” (Matter of Young, 80 Misc 2d 937, 939.)
The Constitution of the State of New York, in article VI (§ 19, subd f) as revised in 1962, provides that: “The courts of the city of New York established pursuant to section fifteen of this article shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction”. Therefore it would be inappropriate to dismiss this proceeding. (Zurich Ins. Co. v Evans, 90 Misc 2d 286; Matter of Young, 80 Misc 2d 937, supra.)
Since this court lacks jurisdiction, in accordance with the constitutional power vested in this court and the mandate of the State Constitution, it is directed that this proceeding be transferred to the Supreme Court of the County of Kings (CPLR 103, subd [c]; 326).
Inasmuch as this court lacks subject matter jurisdiction, the respondent’s motion to: (a) interpose an answer, (b) consolidate this action with another, and (c) change the caption and this proceeding to an action, are denied without prejudice with leave to renew said motions in the court of proper jurisdiction.
Petitioner’s motion for an order entering a default judgment is also denied without prejudice with leave to renew said motion in the Supreme Court of the County of Kings.