OPINION OF THE COURT
Diane A. Lebedeff, J.
The petitioner, a commercial tenant who claims a right to *1065 arbitrate an insurance issue involved in a pending summary proceeding, seeks a stay of that proceeding and an order compelling arbitration on that issue, both pursuant to CPLR 7503. Although landlord-tenant attorneys customarily seek stays from the Supreme Court for Yellowstone injunctions pursuant to First Natl. Stores v Yellowstone Shopping Center (21 NY2d 630 [1968]), it appears this request should be made in the Civil Court and, because of legislative action, this court need no longer inquire into the amount involved in the arbitration as previously required by Edwards v Bergner (22 AD2d 808 [2d Dept 1964]).
Respondents, as landlords, sought the eviction of petitioner, a net lessee, in an holdover proceeding pending in the Civil Court of the City of New York. In the summary proceeding, the landlord asserted, as only one of a number of claims, that the tenant breached a lease provision requiring the maintenance of fire, general liability and casualty insurance. The lease states that any dispute regarding "the amounts or kinds” of insurance "shall be conclusively determined by an expert,” which the parties agree constitutes an arbitration clause.
After the matter was scheduled for immediate trial, the lessee brought this independent special proceeding in the Supreme Court seeking a stay for arbitration of the insurance issues. The parties dispute whether a right to arbitration and a stay is supported by the facts.
THRESHOLD ISSUE
As a threshold matter, CPLR 7503 (a), which governs an application to compel arbitration, provides in part: "If an issue claimed to be arbitrable is involved in an action pending in a court having jurisdiction to hear a motion to compel arbitration, the application shall be made by motion in that action. If the application is granted, the order shall operate to stay a pending or subsequent action, or so much of it as is referable to arbitration.” (Emphasis added.) Because this provision uses the word "shall,” it is a "[m]andatory provision [which goes] to the jurisdiction of the person acting” (McKinney’s Cons Laws of NY, Book 1, Statutes § 171). Because no factor exists which gives weight to a contrary meaning, this use of "shall” does not appear to allow discretion (McKinney’s Cons Laws of NY, Book 1, Statutes § 177). Accordingly, if an application for this relief could be made in the summary *1066 proceeding, the Supreme Court lacks jurisdiction over this request to stay and compel arbitration.
To reach a conclusion on the propriety of deferring this application to the summary proceeding forum, this court must determine (1) whether the Civil Court has jurisdiction to hear an application for a stay and to compel arbitration and (2) whether this application may be raised in the context of another special proceeding, i.e., the pending summary proceeding.
JURISDICTION OF THE CIVIL COURT
As to jurisdiction to hear the application, "[mjany New York courts have such jurisdiction” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7503:7, at 363). The current language of CCA 206 (a) appears to provide a firm basis for jurisdiction by the following text: "If an action of which the court has jurisdiction has been duly commenced therein, and there arise in such action any questions relating to the arbitrability of the controversy, the court shall have jurisdiction completely to dispose of such questions and CPLR article 75 shall be applicable thereto.” (Emphasis added.) The power to consider a motion to stay for arbitration in a pending Civil Court action has been recognized (Diamond’s Run v Rebel Fabrics, 134 Misc 2d 568 [Civ Ct, NY County 1987]; cf., Zurich Ins. Co. v Evans, 90 Misc 2d 286 [Civ Ct, Queens County 1977] [underlying action discontinued]).
However, before a 1965 amendment, section 206 contained more restrictive language which permitted a lower court to entertain applications to stay arbitrable issues only if the claim was within the court’s monetary jurisdiction. Section 206 originally read: "The court shall have jurisdiction to provide systems of arbitration and conciliation of claims within its jurisdiction, and to enter judgment on the award of arbitrators where the relief awarded is within the court’s jurisdiction.” Although not refuting that lower courts were empowered to compel arbitration, Edwards v Bergner (supra) held a CPLR 7503 motion could not be made in a pending summary proceeding when the dispute involved a dollar amount exceeding the lower court’s jurisdiction, explicitly stating, "the power * * * to compel arbitration is limited to claims within the ordinary * * * monetary jurisdiction” of the lower court (22 AD2d, at 809).
The Appellate Division, Second Department, there ad *1067 dressed UDCA 206, which was then identical to the former text of CCA 206. The Civil Court Act and the Uniform District Court Act were subject to identical amendments in 1965 (L 1965, ohs 523, 962). The companion UCCA 206 has not been so amended (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UCCA 206, at 704, urging an expanded reading of that section under D-Lion Co. v United Excavating & Paving, 41 Misc 2d 56 [Dist Ct, Nassau County 1963], but not discussing Edwards v Bergner, supra).
Because the current language of CCA 206 now hinges upon proper jurisdiction over the matter and not simply monetary amount, the holding of Edwards v Bergner (supra) is no longer a bar to making a CPLR 7503 application in the Civil Court notwithstanding that the arbitrable claim exceeds a fixed dollar limitation, which might involve a summary proceeding, a counterclaim, any case remanded from the Supreme Court, or certain joined causes of action, respectively, under CCA 204, 208 (b), CPLR 325 (a), (b), and (d), and CCA 211. Because the amount of the claim need no longer be a brightline limitation, arbitration stays need not be subject to a forced consideration in a forum which has no contact with the dispute.
In short, a CPLR 7503 application could be made in the Civil Court in any case over which it has appropriate jurisdiction as part of litigation continuing there. Accordingly, this court finds the Civil Court has appropriate jurisdiction to hear this CPLR 7503 (a) application (compare, Columbia Mem. Hosp. v MacFarland Bldrs., 74 Misc 2d 870 [Columbia County Ct 1973] [monetary jurisdiction remaining significant]).
ACTION OR SPECIAL PROCEEDING
Because CPLR 7503 (a) refers to making a motion in an "action,” a question exists whether this application may be made in a special proceeding. The CPLR’s definitional section (CPLR 105 [b]) states that the "word 'action’ includes a special proceeding,” and CPLR 103 (b) reiterates: "Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.” It is noteworthy that no objection was raised to the attempt to apply CPLR 7503 in a summary proceeding in Edwards v Bergner (supra) and the CPLR is generally applicable to Civil Court procedure (CCA 2102). *1068 Based upon these considerations, the court is satisfied that a CPLR 7503 (a) motion may be made in a special proceeding.
Further, this approach is consistent with the recognition of a summary proceeding as being the preferred forum for the resolution of landlord-tenant issues: "Civil Court has jurisdiction of landlord tenant disputes * * * and when it can decide the dispute * * * it is desirable that it do so * * * [In] Supreme Court * * * delay may be encountered because of crowded calendars and the pretrial proceedings [resolving issues in the Civil Court] * * * is expeditious and it permits both parties to avoid the expense and duplication of effort involved in proceeding in two courts.” (Post v 120 E. End Ave. Corp., 62 NY2d 19, 28 [1984] [citations omitted].) Delay of the determination of a summary proceeding which is designed to promptly resolve possessory rights is to be generally avoided (Earbert Rest. v Little Luxuries, 99 AD2d 734 [1st Dept 1984]). It cannot be disputed that deferral to the summary proceeding forum is in "the interests of judicial economy” (Park House Partners v DeIrazabal, 140 AD2d 84, 90 [1st Dept 1988]).
Here, especially compelling reasons for deferral exist because many substantive issues involved in a stay for arbitration request are inextricably linked to the ongoing summary proceeding (see, generally as to relevant considerations, 8 Weinstein-Korn-Miller, NY Civ Prac j[ 7501.01 et seq.). For example, an initial determination as to whether a request to compel arbitration is impermissibly belated under the standard of De Sapio v Kohlmeyer (35 NY2d 402, 406 [1974]) is one which the Supreme Court is not best able to judge. Interpretation of contract obligations and rulings upon any failure to perform are also directly relevant to the substance of the holdover proceeding. Rulings upon these and other issues are best made by the forum considering the complete matter and avoids creating needless res judicata problems.
Considering all of the factors set forth above, the court finds no impediment to the making of this application in a special proceeding. If a separate plenary action is pending between the same parties, as commonly occurs because a commercial tenant is precluded from raising certain issues in a summary proceeding, such as constructive eviction, partial eviction and rent abatement (see, Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77 [1970]; Earbert Rest. v Little Luxuries, supra), separate applications might be required if both were sought to be stayed, which would not be inconsistent with the determination reached here.
*1069 CONCLUSION
Based upon the foregoing, this court concludes that CPLR 7503 (a), in light of current text of CCA 206, now permits this application to be made in the Civil Court in the context of the current summary proceeding. Consistent with the foregoing, the petition is denied without prejudice to renewal in the Civil Court, if petitioner be so advised.
It is appropriate here to close with the words of Judge Charles H. Cohen more than a decade ago in Zurich Ins. Co. v Evans (supra, 90 Misc 2d, at 288) that "this court cannot help but note that this case is another illustration of the procedural chaos caused by our fragmented court system”.
The limited stay previously issued against judgment on the claim urged to be arbitrable shall remain in effect for five days after service of a copy of this order with notice of entry to allow making of a similar motion in the context of the summary proceeding.