TRAFALGAR SQUARE, LTD., Respondent, v. REEVES BROTHERS, INC., Appellant.

First Department, November 5, 1970.

*James C. Slaughter* of counsel (*Melvin Beinart* with him on the brief; *Hahn, Hessen, Margolis & Ryan,* attorneys), for appellant.

*Martin S. Wagner* of counsel (*Jacobs Persinger & Parker,* attorneys), for respondent.

CAPOZZOLI, J.  During October and November, 1967, Trafalgar Square, Ltd., petitioner-respondent, orally ordered goods from Abaco Fabrics Corp., later merged into Reeves Brothers, Inc., respondent-appellant.  Following the five oral orders, each was evidenced by a written contract with its own number.

In accordance with the custom and usage prevalent in the textile industry all of these contracts were sent by Abaco to petitioner, via certified mail, return receipt requested.  Across the face of each of these contracts, in bold print, the following language appears:

"IMPORTANT

"THIS CONTRACT IS SUBJECT TO ALL TERMS AND CONDITIONS INCLUDING, BUT NOT LIMITED TO ARBITRATION AS SET FORTH ON THE FACE AND SIDE HEREOF."

Underneath the preceding language the following appears: "This contract embodying the terms on the face and the reverse side hereof is hereby acknowledged to be correct by Buyer.  This contract shall become binding upon the occurrence of any one of the following conditions: (1) Buyer signs and returns to Seller a signed copy of this contract or, (2) Buyer accepts delivery of all or any part of the goods herein described, or (3) Shipment by Seller to Buyer of all or any portion of the goods hereby sold, or (4) Buyer retains a copy of this contract for a period of five (5) days from date hereof.  However, the Buyer's failure to sign and return a copy hereof within five

(5) days from date shall afford Seller the right to cancel this sale without any liability to Seller resulting therefrom."

On the back of each of the contract forms the following language appears as part of paragraph (12) (a): " (12) (a) * * * There are no oral understandings, options, representations or agreements relative to this contract which are not fully expressed herein."

Paragraph (15) of the contract, in part, provides as follows: " Any controversy arising under, or in relation to this contract, or any modification thereof, may be settled only by arbitration. Such arbitration shall be held in the City of New York, in accordance with the laws of the State of New York, and the rules then obtaining of the American Arbitration Association, or the General Arbitration Council of the Textile Industry, as the seller may determine."

All five contracts were received by petitioner and retained without objection. Goods were delivered to petitioner and invoices were issued for each shipment. All of the invoices contained, on the face of each, a reference to the particular written contract number under which the invoice was issued. No objection was made to any of the invoices and the goods were accepted by petitioner. Petitioner has used the goods and failed to pay the invoices. Its claim that the goods were defective was rejected by Abaco.

The issue raised between the parties is whether the provision for arbitration, found in the contract forms, as above quoted, binds the petitioner.

CPLR 7501 requires only that an agreement to submit a controversy to arbitration be " written ". That section does not require that such an agreement be signed by the party to be bound. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7501.08, pp. 75–9, 75–10.)

*Matter of Helen Whiting Inc.* (*Trojan Textile Corp.*) (307 N. Y. 360) involved a similar factual situation. Three oral orders for specific goods were given and the purchaser received three written contracts from the seller, each of which contained an arbitration clause. The purchaser signed one and sent back the other two without a signature. Delivery of the goods was made and invoices sent. In its opinion (p. 366) the Court of Appeals said: " it seems clear that the facts as found and affirmed below establish, as of July 10, 1953, an agreement to buy and sell which was to be, and was, memorialized by written contracts sent out on the same day."

Again (p. 367) the court said: "From our own experience, we can almost take judicial notice that arbitration clauses are commonly used in the textile industry".

Later (p. 368) we find the following: "the statute [Civ. Prac. Act, § 1449] means what it says and that, while a contract to arbitrate future controversies must be in writing, it need not be signed so long as there is other proof that the parties actually agreed on it."

In addition to the above, subdivision (2) of section 2–201 of the Uniform Commercial Code provides as follows: " (2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received." This language clearly indicates that the one who receives a "writing" in confirmation of a "contract" has the burden of objecting to its contents within 10 days. There was no objection by the petitioner-respondent in this case.

Because of the foregoing reasons, the order of Special Term staying arbitration should be reversed, on the law, with costs and disbursements to appellant, and the parties directed to proceed to arbitration as prayed for in the cross motion of respondent-appellant.

STEVENS, P. J., McGIVERN and STEUER, JJ., concur.

Order, Supreme Court, New York County, entered on May 14, 1970, unanimously reversed, on the law, the petition denied and the cross motion granted, and the parties directed to proceed to arbitration as prayed for in the cross motion of respondent. The respondent-appellant shall recover from petitioner-respondent $30 costs and disbursements of this appeal.