■ LOUDON MANUFACTURING, INC., Respondent, v. AMERICAN & EFIRD MILLS, INC., Appellant.— Judgment, Supreme Court, New York County, entered on March 5, 1974, unanimously reversed, on the law, and vacated, the motion to stay arbitration denied and the petition dismissed. Appellant shall recover of respondent $40 costs and disbursements of this appeal. The issue on this application to stay arbitration is whether the parties agreed to arbitrate. It appears that respondent made inquiry of the appellant about buying yarn on credit. Appellant replied that a deposit of $32,000 would be required. A check in that amount was delivered, and shortly thereafter representatives of the parties met to discuss a sale. Appellant's sales manager made written notes of the terms, including quantities, price, and delivery dates. These notes were not signed by anyone, nor even submitted for approval. Later, as was appellant's practice, a stencil was cut from these notes and incorporated in a written contract which was mailed to respondent. The contract form was not signed by respondent but it retained the same and goods were subsequently delivered. The form contained a provision for arbitration. A dispute having arisen, appellant demanded arbitration. Special Term held that the written notes constituted the contract, and that the $32,000 constituted partial payment so that the Statute of Frauds was complied with and

there was no occasion for return of the contract. We disagree. Twenty years ago the Court of Appeals said: "From our own experience, we can almost take judicial notice that arbitration clauses are commonly used in the textile industry" (*Matter of Helen Whiting, Inc. [Trojan Textile Corp.]*, 307 N. Y. 360, 367). The experience to date has added strength to this observation. A written order, following an oral agreement is the usual and recognized contract between the parties and has become part of our statutory law (Uniform Commercial Code, § 2–201, subd. [2]). It would be a most extraordinary development if one party's notes of the details of the transaction were to be substituted for the usual practice, especially where the unilateral character of these notes is not specifically challenged. We find that the contract between the parties was the instrument received by respondent, pursuant to which the goods were shipped and accepted, and consequently arbitration is called for. Concur — Markewich, J. P., Murphy, Steuer, Lane and Yesawich, JJ.