In the Matter of the Arbitration between GAYNOR-STAFFORD INDUSTRIES, INC., Respondent, and MAFCO TEXTURED FIBERS, a Division of MacAndrews & Forbes Company, Appellant.

First Department, June 15, 1976

*John F. Le Viness, III,* of counsel *(Mark D. Lefkowitz* with him on the brief; *Cross & Le Viness,* attorneys), for appellant.

*Herbert Bernstein* of counsel *(Ballon, Stoll & Itzler* attorneys), for respondent.

BIRNS, J. Both parties to this appeal are merchants in the textile industry.

Beginning in April, 1974 they entered into a series of contracts for the purchase by respondent from appellant of substantial quantities of textured polyester yarn. In each instance, respondent placed an oral order with appellant for the yarn. A written order acknowledgment from appellant of the oral order followed and thereafter respondent sent its own form of a written and signed purchase order to appellant. The yarn specified or described was subsequently delivered to respondent.

In October, 1974 respondent asked for an extension of time to make payment, and then in November, 1974 refused to pay for certain shipments which it asserted did not include "dyeable yarn."

On the face of appellant's order acknowledgments was a statement that "This acknowledges * * * receipt of your order," and the following language appeared: "The acceptance of this order is conditional on the assent by the buyer to all of the conditions and terms on the reverse side hereof. Your assent will be assumed unless you notify us to the contrary immediately upon receipt of this acknowledgment or when you accept delivery, in whole or in part, of the goods described herein."

Respondent's written purchase orders stated at the botton "Acknowledge promptly if you are unable to ship by date specified." Stamped on the face of each purchase order was the following: "Unless confirmation is received from the seller, the option to retain or cancel this order remains with the buyer."

One purchase order (No. 2706) sent by respondent, had a note on its face reading: "Confirmation of contract No. 4375" which appears to indicate that respondent considered appellant's order acknowledgment No. 4375 as "the contract" and

its own purchase order merely as confirmation of that contract.

On the reverse side of each order acknowledgment was a provision (condition 14) that "all controversies arising out of or relating to this contract * * * shall be settled by arbitration * * * under the Rules of the General Arbitration Council of the Textile Industry".

Respondent contends, as it did below, that it was not aware of the arbitration clause nor bound by its inclusion on the reverse side of the order acknowledgment, and that the form used by appellant which included the arbitration clause should not be deemed superior to the form used by respondent which contained no arbitration clause. Finally, it urges that the arbitration clause was a "material alteration" of the contract, thereby falling within the purview of section 2-207 (subd [2], par [b]) of the Uniform Commercial Code.

Appellant asserts before us, as it did below, that the notation on the face of its order acknowledgments alerted or should have alerted respondent to the said arbitration clause and, moreover, that both appellant and respondent were engaged in textiles and respondent must have been aware arbitration was a trade practice in said business.

Because the sole issue before us is whether there was an agreement to arbitrate, the forms involved and the pertinent section of the Uniform Commercial Code must be examined and considered to determine the answer.

Section 2-207 of the Uniform Commercial Code provides:

"Additional Terms in Acceptance or Confirmation.

"(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon * * *

"(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

"(a) the offer expressly limits acceptance to the terms of the offer;

"(b) they materially alter it; or

"(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received."

Special Term, citing *Matter of Arthur Philip Exp. Corp.*

*(Leathertone, Inc.)* (275 App Div 102) a pre-code case, granted a stay of arbitration and denied the cross motion to compel arbitration, finding that respondent had been unaware of the arbitration clause and hence was not to be bound thereby. In that case the parties were not in the textile business and had no prior dealings with each other. The body of the agreement, including the arbitration clause, appeared on the reverse side of the form; the only manifestation of its existence was the notation on the front which read "see also back." There was no indication on the front of the form that the terms on the reverse side were binding unless objected to. In our view, *Leathertone (supra)* is inapplicable.

Nor does *Matter of Doughboy Ind. (Pantasote Co.)* (17 AD2d 216) cited by respondent, justify respondent's position. Although that case was decided a short time before the code became effective in September, 1964, the court examined the official comments of the drafters of the code under section 2-207 in reaching its decision. The parties in *Doughboy* were not in the textile business and had dealt with each other on only two occasions during a three-month period. There, the face of seller's form brought attention to the terms on the reverse side, which included an arbitration clause and recited that silence or failure to object to the terms would bind the buyer. The buyer remained silent. The buyer's form, however, stated "only signed consent will bind." The court below held that the arbitration clause was not binding in that it was a material alteration and, further, that the seller's arbitration clause and the provision in the buyer's form which stated that only signed consent would bind, were in conflict, thus initiating a genuine "battle of the forms" (cf *Poel v Brunswick-Balke-Collender Co.,* 216 NY 310). The court opined that the existence of an agreement to arbitrate should not depend upon the conflicting fine print of commercial forms which cross one another but never meet *(Doughboy, supra,* p 220; U.C.C. and Arbitration by Rosemary Page, NYLJ, Jan. 8, 1976, Feb. 2, 1976, March 1, 1976, p 1, col 1; U.C.C. and the Courts by Malachy T. Mahon, NYLJ, May 17, 1976, p 1, col 1).

It is undisputed that the parties here were merchants who have had long experience in the textile industry and in fact had dealt with each other for seven months. Hence, *Matter of Helen Whiting, Inc. (Trojan Textile Corp.)* (307 NY 360) although a pre-code case, is helpful in disposing of the issue

before us. The parties in *Whiting* were in the textile business. An arbitration clause appeared on the reverse side of the seller's form. The buyer claimed not to be bound thereby. The Court of Appeals observed: "From our own experience, we can almost take judicial notice that arbitration clauses are commonly used in the textile industry". Indeed, this court has cited *Whiting* for the proposition that arbitration is common in the textile industry *(Trafalgar Square v Reeves Bros.,* 35 AD2d 194; *Loudon Mfg. v American & Efird Mills,* 46 AD2d 637).

In the case before us, although the arbitration clause was not mentioned *in haec verba* on the face of the order acknowledgments there was, unlike *Leathertone,* clear reference to the terms on the reverse side and that they would be binding unless objected to. In *Leathertone* and *Doughboy,* the parties were not in the textile business; in the instant case the parties were. Respondent's claim that the arbitration clause in appellant's form was a "material alteration" of the terms of the contract between the parties is negated by the rule in *Whiting (supra),* that arbitration is common in the textile industry. In these circumstances, the arbitration clause cannot be considered a "material alteration" (Uniform Commercial Code, § 2-207, subd [2], par [b]) so as to be binding only where there is affirmative consent. Therefore, respondent's failure to notify appellant within a reasonable time after receipt of the order acknowledgments of its objection to the arbitration clause, gave said clause binding effect (Uniform Commercial Code, § 2-207, subd [2], par [c]).

Accordingly, the judgment appealed from should be reversed on the law and the application to stay arbitration should be denied, and the cross motion to compel arbitration should be granted, together with costs.

MURPHY, J. P., CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Judgment, Supreme Court, New York County, entered on February 19, 1976, unanimously reversed, on the law, and vacated, the application to stay arbitration denied and the cross motion to compel arbitration granted. Appellant shall recover of respondent $40 costs and disbursements of this appeal.