■ LEHIGH VALLEY INDUSTRIES, INC., on Behalf of Its BLUE RIDGE-WINKLER TEXTILES DIVISION, Appellant, v ARMTEX, INC., Respondent.—Order and judgment (one paper), Supreme Court, New York County, entered February 11, 1976, which denied the petition of the appellant to stay arbitration and directed that it proceed to arbitration, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. The parties arranged for the respondent to deliver to the petitioner a certain amount of fabric, and respondent turned over to a carrier a first delivery on January 8, 1974, followed the next day by sending its signed form contract, which was received by the petitioner the following day. The form contract on the face thereof referred to an arbitration clause, which was set forth on the reverse side and, among other things, called for the return of the contract by the buyer (petitioner) within 10 days. Thereafter, there was another shipment by the respondent and receipt by the petitioner, and several days later the petitioner prepared and sent a purchase order to the respondent indicating the same contract number, but making no reference to the arbitration clause. Petitioner having accepted and paid for two shipments, thereafter questioned the quality of the goods, and the respondent commenced an arbitration proceeding. The petitioner sought to stay arbitration, and its petition to that effect was denied after a trial. It is the contention of the petitioner that the arbitration clause is an "additional term", and that under subdivision (2) of section 2-207 of the Uniform Commercial Code, explicit acceptance is required because it materially alters the original oral agreement for the purchase of the goods. The Court of Appeals has stated: "From our own experience, we can almost take judicial notice that arbitration clauses are commonly used in the textile industry". *(Matter of Helen Whiting, Inc. [Trojan Textile Corp.],* 307 NY 360, 367.) We have heretofore held in a matter similar to the case at bar that the respondent's failure to notify the petitioner-appellant within a reasonable time after receipt of the contract signed by the respondent and the initial shipment, of its objection to the arbitration clause gave said clause binding effect. *(Matter of Gaynor-Stafford Ind. v Mafco Textured Fibers,* 52 AD2d 481.) Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Lane, JJ.