**IMPTEX INTERNATIONAL CORP., Plaintiff,**

v.

**LORPRINT INC., Defendant.**

**No. 85 Civ. 8404 (EW).**

United States District Court,
S.D. New York.

Jan. 23, 1986.

Blutrich, Falcone & Miller, New York City, for plaintiff; Michael D. Blutrich, of counsel.

Levine & Grossman, Mineola, N.Y., for defendant; William F. Levine, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The plaintiff petitions for an order directing arbitration under 9 U.S.C. § 4. Defendant opposes arbitration on the ground that no signed arbitration agreement exists between the parties.

Plaintiff Imptex, an importer of fabrics, entered through a broker into sales contracts with defendant Lorprint, Inc., a California garment manufacturer. Each transaction was evidenced by a sales confirmation sent to both parties by the broker. Both the broker's confirmation and the seller's printed form contract contained arbitration clauses calling for the settlement of all disputes in New York. The buyer neither signed nor returned the broker's confirmations and the seller's contracts. Deliveries were made pursuant to the sales contracts; the defendant never objected to the inclusion of the arbitration clause in the order confirmations or sales contracts sent to it.

In opposition to the motion to compel arbitration, Lorprint argues that the arbitration clause was a significant additional term in the sales agreements, and that Lorprint was not bound by the clause in the absence of its own explicit written consent. Lorprint's signature on the contract containing the arbitration clause was not required as a matter of law. As this Court has said, "While an arbitration agreement must be in writing to be enforceable, there is no requirement that it be signed. It is sufficient that the parties by act or conduct are committed to it."[1] The New York courts have repeatedly held that, as arbitration clauses are commonly used in the textile trade, a textile buyer's failure to object to an arbitration clause upon receipt of both the sales agreement signed by the seller and the initial shipment of goods binds the buyer to the arbitration clause.[2] Accordingly, plaintiff's motion is granted; the parties are directed to arbitrate their dispute under the rules of the General Arbitration Council of the Textile Industry.

So ordered.

---

**1.** *Starkman v. Seroussi,* 377 F.Supp. 518 (S.D.N.Y.1974); *see A/S Custodia v. Lessin Int'l,* 503 F.2d 318, 320 (2d Cir.1974); *Fisser v. International Bank,* 282 F.2d 231, 233 (2d Cir.1960); *ABC v. AFTRA,* 412 F.Supp. 1077, 1084 (S.D.N.Y.1976).

**2.** *See Helen Whiting, Inc. v. Trojan Textile Corp.,* 307 N.Y. 360, 368, 121 N.E.2d 367 (1954); *Lehigh Valley Indus. v. Armtex, Inc.,* 53 A.D.2d 582, 384 N.Y.S.2d 837 (1st Dept.1976); *Gaynor-Stafford Indus. v. Mafco Textured Fibers,* 52 A.D.2d 481, 384 N.Y.S.2d 788 (1st Dept.1976).