OPINION OF THE COURT
Richard S. Lane, J.
In this action for money had and received arising out of a sale of goods, defendant Rebel Fabrics, Inc. moves to strike from the calendar and to stay pending arbitration.
With respect to the arbitration branch of the motion, the right thereto was asserted as an affirmative defense in the answer. It allegedly arose by reason of an arbitration clause *569 contained in defendant’s salesman’s confirmation or acceptance of plaintiffs written purchase orders to which no objection was ever voiced by plaintiff until this motion. Plaintiff claims that it never received the salesman’s confirmation or acceptance.
Initially, plaintiff argues that this court has no jurisdiction to determine a motion pursuant to CPLR 7503. Plaintiff would be correct if this were a special proceeding prior to commencement of an action. Once an action has been commenced, however, CCA 206 specifically empowers determination by this court.
Secondly, plaintiff argues a waiver by defendant as a result of its participation in litigation. All defendant has done is to file an answer. It falls far short of the rule in Sherrill v Grayco Bldrs. (64 NY2d 261) and in De Sapio v Kohlmeyer (35 NY2d 402).
Finally, plaintiff argues that it is not bound by the arbitration clause because it materially alters the terms of the offer pursuant to UCC 2-207. Plaintiff is correct (Matter of Marlene Indus. Corp. [Carnac Textiles], 45 NY2d 327).
Defendant seeks to avoid the Marlene rule (supra) by claiming that Federal substantive law governs this interstate contract and cites in support Imptex Intl. Corp. v Lorprint (625 F Supp 1572 [US Dist Ct, SDNY 1986]). Defendant has misread Judge Weinfeld’s opinion. He specifically relied on New York law. That Judge Weinfeld reaches a determination contrary to mine results from the fact that there the arbitration clause was contained not in an acceptance but in the initial contract document. State law was also applied by the Circuit Court of Appeals for the 4th Circuit in Supak & Son Mfg. Co. v Pervel Indus. (593 F2d 135).
The motion for a stay pending arbitration is denied.
With respect to the calendar branch of the motion, only four months intervened between joinder of issue and notice of trial. That is inadequate time especially where any disclosure proceeding by defendant would have jeopardized its arbitration position under the Sherrill v Grayco Bldrs. and De Sapio cases (supra). Now that the arbitration issue has been laid to rest, defendant should have an opportunity to seek disclosure, if so advised.
Motion to strike from the calendar is granted.