**DELTA TANNING CORP., Plaintiff,**

v.

**SAMBER LEATHER FASHIONS, LTD., Defendant.**

**No. 85 Civ. 9803 (PKL).**

United States District Court, S.D. New York.

March 6, 1987.

Anthony K. Dilimetin, P.C., New York City (Robert H. Wolff, of counsel), for plaintiff.

Salon, Marrow & Dyckman, New York City (George N. Abrahams, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge:

Plaintiff has moved for summary judgment on its contract claim for non-payment of goods sold and delivered. Plaintiff has also moved to dismiss defendant's counterclaim or, alternatively, for a severance of defendant's counterclaim.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, — U.S. —, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*, 106 S.Ct. at 2512. *See also Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). " 'On summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion.' " *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (citation omitted). Where, however, "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Id.*, 106 S.Ct. at 1356 (citation omitted). Fed.R.Civ.Proc. 56(e) requires that the opposing party "present some evidence which supports the bald assertion that there is a dispute." *Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir.1972).

> A party opposing a motion for summary judgment simply cannot make a secret of his evidence until the trial, for in doing so he risks the possibility that there will be no trial. A summary judgment motion is intended to "smoke out" the facts so that the judge can decide if anything remains to be tried.

*Id.*

### Plaintiff's Motion

Uniform Commercial Code ("UCC") § 2–607(1) provides, "The buyer must pay at the contract rate for any goods accepted." *See also* UCC § 2–709(1)(a) (action for the price). With respect to the leather for which plaintiff seeks payment, there is no dispute that: the goods were ordered during May through November, 1985; they were delivered; they were not defective; and they have not been paid for by defendant. *See* Affidavit of John Tara, sworn to on July 31, 1986, at 1–2 (hereinafter referred to as the "Tara Affidavit"); Deposition of Irving Neuman, June 17, 1986, at 42–43 (hereinafter referred to as the "Neuman Deposition"); Exhibit B to Plaintiff's Notice of Motion for Summary Judgment (hereinafter referred to as "Plaintiff's Motion").

Defendant contends, however, that it is not liable because plaintiff has produced no signed contract. *See* Defendant's Memorandum of Law in Opposition at 6. On the contrary, plaintiff has clearly produced writings sufficient to satisfy UCC § 2–201(2) and UCC § 2–207(1). *See* Exhibits B–J to Plaintiff's Motion. *See also GTP Leisure Products, Inc. v. B–W Footwear Co.*, 55 A.D.2d 1009, 391 N.Y.S.2d 489, 491 (1977) (merchant's confirmation of order); *Loudon Manufacturing, Inc. v. American & Efird Mills, Inc.*, 46 A.D.2d 637, 360 N.Y.S.2d 250, 251 (1974) (unsigned confirmation received by buyer, pursuant to which goods were shipped and accepted). Accordingly, plaintiff is entitled to summary judgment on its claim for $51,551.69. Plaintiff also seeks to recover interest accrued since November 30, 1985, and costs, including attorney fees. The parties, however, have not adequately briefed these issues and the Court reserves judgment as to them.

### Defendant's Counterclaim

Defendant's counterclaim involves an allegedly latently defective shipment of goods that was separate and distinct from the goods at issue in plaintiff's non-payment claim. *See* Neuman Deposition at 41–42. With respect to the allegedly defec-

tive shipment, the following facts were established by plaintiff and were uncontroverted by defendant. *See* Tara Affidavit at 3–5; Neuman Deposition at 56, 73–74. Defendant purchased a quantity of leather from plaintiff in December, 1983. The leather was inspected and accepted by defendant in January, 1984. By the time the goods were allegedly returned to defendant by one of its customers during December, 1984 or January, 1985, the defect had become apparent. Defendant did not notify plaintiff of any defect in the goods until at least six months later in July, 1985.

UCC § 2–607(3)(a) provides that where a buyer has accepted goods, he "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." *See also* UCC § 2–608(2) (allowing "reasonable time" for revocation of acceptance; revocation not effective until buyer notifies seller); UCC § 1–204 (definition of "reasonable time"). Defendant has failed to suggest, either in an affidavit or in the argument of its counsel, any reason or excuse for the delay in notifying plaintiff of the alleged defect. In fact, defendant has failed to rebut the allegation of John Tara, plaintiff's chief financial officer, that the delay resulted from defendant's bad faith. Tara Affidavit at 5–6 ("Samber waited six to seven months for their accounts payable with respect to Delta to accrue" to gain a strategic advantage.) The Court thus concludes that defendant's six-month delay after becoming aware of the alleged defect was unreasonable as a matter of law. *See Import Traders, Inc. v. Frederick Manufacturing Corp.,* 117 Misc.2d 305, 457 N.Y.S.2d 742, 743–44 (N.Y.Civ.Ct.1983) (Failure to revoke acceptance after five months would not be considered reasonable.); *Republic Corp. v. Procedyne Corp.,* 401 F.Supp. 1061, 1064–65, 1070 (S.D.N.Y.1975) (seven or eight month delay in revocation after discovery held untimely under UCC § 2–608). Ac-

cordingly, defendant's counterclaim is dismissed.

SO ORDERED