(March 15, 1990)

■ SPROUT-BAUER, INC., Appellant, v KOPPERS COMPANY, INC., Respondent and Third-Party Plaintiff-Respondent. COMBUSTION ENGINEERING, INC., Third-Party Defendant-Appellant. —Order of the Supreme Court, New York County (Francis Pecora, J.), entered on July 18, 1989, which, *inter alia,* denied plaintiff-appellant's motion for an order staying arbitration or, in the alternative, dismissing defendant-respondent's counterclaims and affirmative defenses, and which denied third-party defendant-appellant's motion for an order staying or dismissing the third-party complaint on the same grounds, and which denied plaintiff-appellant's motion, pursuant to CPLR 3103, for a protective order vacating defendant-respondent's notice to produce documents and notice of deposition; and granted defendant-respondent and third-party plaintiff's cross motion to compel plaintiff to comply with its discovery notices, unanimously reversed, without costs, on the law, the respective motions of plaintiff-appellant and third-party defendant-appellant are granted to the extent of striking the fifth, sixth and seventh affirmative defenses, staying trial of the first, second and third counterclaims and the third-party complaint, pending arbitration (CPLR 7503 [a]); plaintiff-appellant's motion for a protective order is granted, and defendant-respondent's motion to compel discovery is denied.

The complaint contains one cause of action seeking to reduce to judgment what the plaintiff-respondent characterizes as a contractual award, totaling $14,588,277, to which it claims entitlement pursuant to the dispute resolution provisions of an asset purchase agreement dated August 4, 1986. By that agreement, the predecessor corporation of plaintiff-appellant Sprout-Bauer, Inc. purchased the assets of a division of defendant-respondent Koppers Company, Inc., and assumed all the forward obligations for the construction of a flour mill under the terms of a contract with Bay State Milling Co. Third-party defendant-appellant, Combustion Engineering, Inc., is the parent corporation of Sprout-Bauer and guaranteed Sprout-Bauer's performance under the asset purchase agree-

ment, which is incorporated by reference into Combustion Engineering's guarantee agreement. Bay State Milling is not a party to this action.

Pursuant to articles 12 and 13 of the asset purchase agreement, Sprout-Bauer and Koppers agreed upon a procedure for the resolution of disputes under the contract. This contractual dispute resolution procedure contemplates arbitration as the means of resolving contested claims, but before a matter is submitted to arbitration, section 13.1 of the agreement provides that the party seeking to assert a claim must serve a notice of claim stating the basis and amount of the claim. It further provides that "the Indemnifying Party shall be deemed to have acknowledged the correctness of such claim in the full amount thereof and the Indemnified Party shall be entitled thereto" if the indemnifying party does not serve written objections to the notice of claim within 60 days. If timely written objections are served, and the parties fail to resolve the claim within another 60 days, then the agreement provides that the claim will be submitted to arbitration in New York.

By letter dated September 23, 1988, Sprout-Bauer's counsel served Koppers with notice of its claim for indemnification in the total amount of $14,588,277 for cost overruns in connection with the assumption of the Bay State Milling contract, allegedly resulting from Koppers' breach or nonfulfillment of representations and warranties in the asset purchase agreement concerning the cost to complete the plant, the anticipated completion dates, and representations regarding Koppers' compliance with generally accepted accounting principles. Koppers admits receiving the notice and not responding within the 60-day period. According to Koppers, it was the view of its staff counsel that no response was necessary in light of Koppers' prior written demand, by letter dated May 11, 1987, that Sprout-Bauer indemnify Koppers for any claims asserted against Koppers by Bay State Milling. By letter dated July 2, 1987, Combustion Engineering acknowledged receipt of Koppers' demand and stated that its subsidiary, Sprout-Bauer would honor its obligations under the agreement.

In this action, Koppers served an answer with counterclaims and commenced a third-party proceeding against Combustion Engineering. Both the third-party complaint and the fifth, sixth and seventh counterclaims, which are also denoted as affirmative defenses, allege essentially that Combustion Engineering, as well as Sprout-Bauer are contractually obligated to defend and indemnify Koppers against all claims

arising out of the *performance* of the Bay State contract by Sprout-Bauer.

The notice of claim served by Sprout-Bauer in this action does not on its face assert a claim based on the performance of the Bay State agreement. Rather, the claim relates to alleged misrepresentations, breaches or nonfulfillment of covenant, and allegedly improper accounting practices with respect to conditions existing prior to Sprout-Bauer's assumption of the forward obligations of the Bay State agreement.

Without expressing any view as to the underlying merits, we are of the opinion that by commencing this action seeking to enforce the contractual dispute resolution procedure, Sprout-Bauer did not waive its right to compel arbitration of Koppers' counterclaims and third-party complaint. Sprout-Bauer and Koppers agreed upon the procedure for submitting claims to each other, and Sprout-Bauer, by bringing this action, is following the agreed-upon procedure. Although they arise out of a common agreement, the claim for payment in this action is separate and distinct from the claim for indemnification of future claims that might be made against Koppers relating to the performance of the Bay State agreement. *(See, Denihan v Denihan,* 34 NY2d 307.)

We note, as the Court of Appeals did in *Denihan (supra),* that here there is no legal impediment to arbitration of the instant disputes, and both the courts and the arbitration process would benefit by resolution of all claims before a single arbitration tribunal. Arbitration is the generally favored mechanism for resolving disputes under construction contracts. It is expeditious and can provide arbitrators with experience and expertise in the construction industry. Unquestionably, were it not for respondent's failure to serve a timely objection to Sprout-Bauer's notice of claim, an arbitration panel would determine whether the cost overruns were attributable to appellant's allegedly faulty performance or respondent's alleged misrepresentations. Similarly, had appellant not obtained the upper hand through respondent's default, respondent would have no incentive to arbitrate the counterclaims and affirmative defenses asserted in this action, in the absence of any claim having been asserted against respondent by Bay State Milling. Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.