■ PromoFone, Inc., et al., Respondents, v PCC MANAGEMENT, Inc., Appellant. [637 NYS2d 405] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered January 31, 1995, which, *inter alia*, granted petitioners' application to compel arbitration and to stay the prosecution of an action initiated by respondent PCC Management, Inc. in the California Superior Court for the County of Los Angeles, and order of the same court and Justice entered May 2, 1995 granting renewal, which, *inter alia*, adhered to the prior determination, unanimously affirmed, with costs.

The IAS Court, in compelling arbitration and staying the California action, properly determined that petitioners PromoFone, Inc., MovieFone, Inc. and Teleticketing Co., L. P. had neither abandoned nor intentionally waived their right to proceed to arbitration in New York by their commencement of a plenary Federal action against Ticketmaster. Although arbitration is a contractual right which can be waived by the

commencement of a plenary action (*Matter of United Paper Mach. Corp. [Di Carlo]*, 19 AD2d 143, *affd* 14 NY2d 814), nevertheless, litigation of separate and distinct claims, even if involving overlapping factual issues arising from a common agreement, as here, does not constitute waiver of these petitioners' right to arbitrate (*Denihan v Denihan*, 34 NY2d 307, 310; *Sprout-Bauer, Inc. v Koppers Co.*, 159 AD2d 299, *lv dismissed* 76 NY2d 772).

We agree with the IAS Court that the motion to compel arbitration was brought in the proper forum and that CPLR 7503 (a) did not require dismissal of the New York special proceeding seeking to stay the California action and to compel arbitration in this State. The New York court had jurisdiction to enjoin appellant PCC from pursuing the out-of-State litigation in contravention of the agreement to arbitrate all disputes in New York and the strong public policy of this State favoring arbitration (*Hamilton & Co. v American Home Assur. Co.*, 21 AD2d 500, 502, *affd* 15 NY2d 595).

The IAS Court also properly enjoined the California litigation pending outcome of the New York arbitration and compelled appellant PCC to arbitrate in New York with petitioner Falconwood, a non-signatory to the arbitration agreement, since the record reveals that the issues in the overall dispute between the other petitioners and appellant PCC are "inextricably interwoven" with the claims against non-signatory Falconwood (*Berg v Dimson*, 151 AD2d 362, 363, *lv denied* 75 NY2d 703). New York courts have stayed litigation proceedings that included parties who were not signatories to the arbitration agreement, where the nonsigning party, such as Falconwood herein, is closely related to the signatories and is alleged to have engaged in substantially the same improper conduct (*Lawson Fabrics v Akzona, Inc.*, 355 F Supp 1146, 1151, *affd* 486 F2d 1394; *Edwards v Bergner*, 22 AD2d 808).

We have considered appellant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.