■ LODAL, INC., Appellant, v THE HOME INSURANCE COMPANY, Respondent. [766 NYS2d 19] —Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 22, 2003, which dismissed the petition brought pursuant to CPLR 7503 (b) to permanently stay arbitration, unanimously affirmed, with costs.

"Under the doctrine of res judicata or collateral estoppel, a party is barred from relitigating in a state action a claim or issue that is identical to that litigated and resolved in a prior federal action" (73A NY Jur 2d, Judgments § 428, at 193). Petitioner contends that respondent "lost," i.e., waived or abandoned, its claim for reimbursement by failing to "counterclaim" for that relief in the federal declaratory judgment action. However, the District Court explicitly held that the insurer "preserved [its] right to arbitration by asserting it in [its] first responsive pleading" (*Lodal v Home Ins. Co. of Ill.*, US Dist Ct, WD Mich, N Dist, Quist, J., 2:94-CV-343, *affd* 156 F3d 1230 [1998]). Although petitioner objected to the magistrate's finding that the insurer had not waived its rights under the policy with regard to arbitration, petitioner apparently did not specifically assert that the insurer had waived its right to seek reimbursement through arbitration by failing to set forth a "counterclaim." Since this related matter "might have been litigated therein, but [was] not" (73A NY Jur 2d, Judgments § 430, at 199), petitioner is precluded from raising it now.

Petitioner also contends that the insurer "waive[d] or abandon[ed]" arbitration by choosing to "litigate" in the declaratory judgment action instead of choosing the arbitration

path at that time. However, it was *petitioner* that commenced the Michigan state action, later removed to federal court; the insurer did not choose the "litigation" path. Moreover, petitioner cannot point to any actions on the part of the insurer that would reflect an unequivocal intention to waive arbitration rights under the policy.

We have considered petitioner's remaining contention and find it unavailing. Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.