■ In the Matter of the Arbitration between GRAMERCY ADVISORS LLC et al., Respondents, v J.A. GREEN DEVELOPMENT CORP. et al., Appellants. [23 NYS3d 38]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 13, 2015, which, to the extent appealed from, granted the petition to compel arbitration, enjoined respondents from litigating their non-arbitrable claims in a related action pending in Texas (the Texas action) until the arbitration is resolved, and denied respondents' cross motion to

stay the arbitration pending resolution of the Texas action, unanimously affirmed, with costs.

Supreme Court correctly declined to address respondents' arbitrability defenses. The arbitration provision at issue applies to "[a]ny controversy or claim arising out of or relating to any interpretation, breach or dispute concerning" the contract, and explicitly incorporates the rules of the American Arbitration Association, which provide for the arbitrator to determine arbitrability (*see Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's*, 66 AD3d 495, 496 [1st Dept 2009], *affd* 14 NY3d 850 [2010], *cert denied* 562 US 962 [2010]).

The court also correctly determined that petitioners did not waive their right to arbitration (*see Thyssen, Inc. v Calypso Shipping Corp., S.A.*, 310 F3d 102, 105 [2d Cir 2002], *cert denied* 538 US 922 [2003]). A review of the record shows that, while the Texas action was filed in 2009, it was stayed for almost the entire period from its inception until shortly before the filing of the instant petition and that petitioners' sole involvement in the case was to file defensive actions by special appearance to contest personal jurisdiction. These actions, absent a showing of prejudice to respondents, are not sufficient to support a finding of waiver of petitioners' right to arbitrate (*compare Thyssen*, 310 F3d 102 at 105-106 [no waiver despite filing answer]; *Rush v Oppenheimer & Co.*, 779 F2d 885, 887 [2d Cir 1985] [no waiver despite bringing a motion to dismiss and participating in "extensive discovery"]; *In re Crysen/Montenay Energy Co.*, 226 F3d 160, 162-163 [2d Cir 2000] [no waiver despite eight-year delay in taking interlocutory appeal from denial of motion to stay], *cert denied* 532 US 920 [2001]).

The court properly enjoined the Texas action, which involves claims that are " 'inextricably interwoven' " with the issues to be determined in the arbitration (*see PromoFone, Inc. v PCC Mgt.*, 224 AD2d 259, 260 [1st Dept 1996]; *see also County Glass & Metal Installers, Inc. v Pavarini McGovern, LLC*, 65 AD3d 940 [1st Dept 2009]). Contrary to respondents' contention based on the principles of comity, this Court has enjoined litigation in other states pending New York actions under CPLR 7503 (*see e.g. PromoFone*, 224 AD2d 259; *Matter of PricewaterhouseCoopers v Rutlen*, 284 AD2d 200 [1st Dept 2001]).

We have considered respondents' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.