SKYLINE STEEL, LLC, Appellant, v PILEPRO LLC, Respondents. [33 NYS3d 201]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 15, 2015, which denied the petition to stay arbitration and granted the cross motion to compel arbitration and dismiss the proceeding, unanimously affirmed, with costs.

Both the arbitration clause and the JAMS rule incorporated therein confer on the arbitrators the power to resolve arbitrability (*see Matter of Gramercy Advisors LLC v J.A. Green Dev. Corp.*, 134 AD3d 652, 653 [1st Dept 2015]). These provisions,

governing the specific issue, take precedence over the arbitration clause's generic incorporation of the "New York statutes governing arbitration" (cf. Matter of ROM Reins. Mgt. Co., Inc. v Continental Ins. Co., Inc., 115 AD3d 480, 481-482 [1st Dept 2014]). The issues of whether the parties manifested an intent that the arbitration clause survive termination of the settlement agreement containing it (see Matter of Baker v Bajorek, 133 AD3d 421, 421 [1st Dept 2015]) and whether the agreement was induced by fraud (see McDonald v McBain, 99 AD3d 436, 437 [1st Dept 2012], lv denied 21 NY3d 854 [2013]) are also to be resolved by the arbitrators.

The question of whether respondents waived their right to arbitrate by their litigation-related conduct is for the court to decide (see Cusimano v Schnurr, 26 NY3d 391, 401 n 3 [2015]; Sherrill v Grayco Bldrs., 64 NY2d 261, 272 [1985]). Whether analyzed under the CPLR or the Federal Arbitration Act, respondents' conduct, viewed in its entirety, does not constitute a waiver of arbitration. Throughout the parties' dispute, respondents repeatedly made clear their position that the matter belongs in arbitration. In light of this, respondents' assertion of counterclaims in a separate federal action, standing alone, is insufficient to establish that they waived arbitration (see Singer v Seavey, 83 AD3d 481, 482 [1st Dept 2011]; Lodal, Inc. v Home Ins. Co., 309 AD2d 634 [1st Dept 2003]). Petitioner points to no record proof that respondents took any steps to pursue these counterclaims, which have been dismissed by the federal court.

We have considered the parties' other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.