■ In the Matter of JEAN M. ISERNIO, Appellant, v BLUE STAR JETS, LLC, Respondent. [31 NYS3d 884]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about August 20, 2015, which denied the petition to confirm an arbitration award, and granted respondent's cross motion to vacate the award, unanimously reversed, on the law, without costs, the petition granted, and the cross motion denied. The Clerk is directed to enter judgment accordingly.

Contrary to the motion court's conclusion, the arbitrator's award, which granted petitioner's claim after evaluating the evidence and identifying the salient issues, was "final and definite" (CPLR 7511 [b] [1] [iii]; *Matter of Olidort v Pewzner*, 125 AD3d 778, 779 [2d Dept 2015]). A final and definite award will not be vacated unless "it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on [the arbitrator's] power" (*Montanez v New York City Hous. Auth.*, 52 AD3d 338, 339 [1st Dept 2008] [internal quotation marks omitted]; *see* CPLR 7511). None of the grounds for vacating an award exists on this record.

In concluding that the arbitrator had failed to consider a contractual provision and by drawing its own factual and legal determinations, the motion court exceeded its statutory power of review (*Azrielant v Azrielant*, 301 AD2d 269, 275 [1st Dept

2002], *lv denied* 99 NY2d 509 [2003]; CPLR 7510, 7511). We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Kapnick and Kahn, JJ.