Matter of WN Partner, LLC v Baltimore Orioles Ltd. Partnership (2019 NY Slip Op 08383)





Matter of WN Partner, LLC v Baltimore Orioles Ltd. Partnership


2019 NY Slip Op 08383


Decided on November 19, 2019


Appellate Division, First Department


Manzanet-Daniels, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, P.J., Dianne T. Renwick, Sallie Manzanet-Daniels, Anil C. Singh, JJ., Justices.


652052/19 10319 

[*1]In re WN Partner, LLC, Petitioner-Appellant,
v
Baltimore Orioles Limited Partnership, Respondent-Respondent.



Petitioner appeals from an order of the Supreme Court,
New York County (Barry R. Ostrager, J.), entered April 12, 2019, which denied its motion for a temporary restraining order and preliminary injunction enjoining an arbitration filed by respondent with the American Arbitration Association, and dismissed the petition.




Quinn Emanuel Urquhart & Sullivan, LLP, New York (Stephen R. Neuwirth, Patrick D. Curran, Joe Kiefer and Kathryn D. Bonacorsi of counsel), and Morrison Cohen LLP, New York (David B. Saxe and Gayle Pollack of counsel), for appellant.
Sidley Austin LLP, Washington, DC (Carter G. Phillips of the bar of the District of Columbia, admitted pro hac vice, of counsel), and Boies Schiller Flexner LLP, New York (Jonathan D. Schiller, Joshua I. Schiller and Thomas H. Sosnowski of counsel), for respondent.



MANZANET-DANIELS, J.


This dispute between petitioner WN Partner LLC (the Nationals) and respondent Baltimore Orioles Limited Partnership (the Orioles) arises under a September 2005 partnership agreement pursuant to which Mid-Atlantic Sports Network has the exclusive right to broadcast the games of the Baltimore Orioles and Washington Nationals baseball teams. The agreement sets forth a multi-step dispute resolution process. Under section 19.1, the parties must first mediate any dispute. Should mediation prove unsuccessful, section 19.2 provides that the "dispute shall be arbitrated before the Commissioner of Baseball pursuant to the provisions of the [*2]Major League Constitution; provided, that [Major League Baseball] MLB does not have any ownership or financial interest in a Partner or the Partnership at the time that the dispute that is the subject of the arbitration arose." If that is the case, the dispute is to be resolved pursuant to section 19.3, which provides that if MLB had such financial interest at the time the dispute arose, the parties must arbitrate "any disputes" under the Partnership Agreement before the American Arbitration Association (AAA), pursuant to AAA Rules of Arbitration, "[n]otwithstanding any provisions of the Major League Constitution or any MLB documents, rules or customs." The logic of this provision is clear; to permit otherwise would, as the motion court observed, allow MLB, a potentially conflicted party, to determine whether it itself had a financial interest in one of the parties to the dispute at the relevant time. The question on this appeal is whether it is for the Commissioner, the AAA, or a court to determine the gateway issue of whether MLB had such financial interest at the time the dispute arose.
The motion court correctly declined to enjoin the arbitration proceeding filed by respondent Baltimore Orioles with the American Arbitration Association. The duty to arbitrate arises from contract (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8-9 [1980]; see generally Rent-A-Ctr., W., Inc. v Jackson, 561 US 63, 67 [2010] ["(t)he FAA reflects the fundamental principle that arbitration is a matter of contract"]).
Pursuant to section 19.3 of the partnership agreement, the Orioles and the Nationals agreed to arbitrate "any disputes" before the AAA when MLB has such a financial interest, and to do so pursuant to AAA Commercial Rules. Those rules include Rule 7(a), pursuant to which an "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."
These provisions evince a clear and unmistakable intent to delegate the threshold arbitrability question of whether MLB had a financial interest in the Nationals to the AAA (see Skyline Steel, LLC v PilePro LLC, 139 AD3d 646, 646 [1st Dept 2016] ["(b)oth the arbitration clause and the JAMS rule incorporated therein confer on the arbitrators the power to resolve arbitrability"]; accord Matter of Gramercy Advisors LLV v J.A. Green Dev. Corp., 134 AD3d 652 [1st Dept 2015]; Contec Corp. v Remote Solution, Co., Ltd., 398 F3d 205, 208 [2d Cir 2005] [provisions incorporating the AAA Commercial Arbitration Rules served as a clear and unmistakable intent by the parties to delegate threshold arbitrability issues to the arbitrator]; accord Matter of Flintlock Constr. Servs., LLC v Weiss, 122 AD3d 51, 54 [1st Dept 2014], appeal dismissed 24 NY3d 1209 [2015]). "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless" (Henry Schein, Inc. v Archer & White Sales, Inc., __ US __, 139 SCt 524, 529 [2019]). Notably herein, the agreement provides that AAA's jurisdiction attaches "[n]otwithstanding" any powers that the Major League Constitution or other internal rules may grant the Commissioner.
The arbitration provision, broadly applying to "all disputes," is not akin to those in which the parties' agreement contains a narrow arbitration provision defining which disputes are to be arbitrated (see Zachariou v Manios, 68 AD3d 539 [1st Dept 2009]).[FN1]
The Nationals unpersuasively argue that the Orioles "waived" their right to arbitrate before the AAA. It is undisputed that the Nationals attempted to initiate an arbitration before the Commissioner without first complying with section 19.1, which provides that mediation before AAA or JAMS must precede any arbitration. The Orioles objected and asked that the demand be dismissed, including on the ground that the parties had not first engaged in mediation as required by the agreement, and reserved all of their rights. When the mediation failed, the Orioles promptly filed a demand for arbitration before the AAA. The record thus shows that the Orioles did not consent to any arbitration before the Commissioner, much less waive their right to arbitrate before the AAA in accordance with section 19.3. There is no basis in the record to find that the Orioles
participated in the Nationals' prematurely filed arbitration in any meaningful way so as to hold them bound to such proceeding (see Skyline Steel, LLC, 139 AD3d at 647; Rush v Oppenheimer & Co., 779 F2d 885 [2d Cir 1985]).
We have considered petitioner's remaining arguments and find them unavailing.
In light of the above, the interim stay of arbitration that was granted pending the appeal is hereby vacated.
Accordingly, the order of the Supreme Court, New York County (Barry R. Ostrager, J.), entered April 12, 2019, which denied petitioner's motion for a temporary restraining order and preliminary injunction enjoining an arbitration filed by
respondent with the AAA, and dismissed the petition, should be affirmed, with costs.
All concur.
Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered April 12, 2019, affirmed, with costs.
Opinion by Manzanet-Daniels, J. All concur.
Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK



Footnotes

Footnote 1:In such a case, arbitrability would be a threshold determination for the court, and not the Commissioner (see Microsoft Corp. v Samsung Elecs. Co., Ltd., 60 F Supp 3d 525, 528 [SD NY 2014] [internal citation omitted]). The Major League Constitution contains no analogue to AAA's Commercial Rule 7(a) of the AAA that authorizes an arbitrator to decide threshold arbitrability questions