Matter of NBC Universal Media, LLC v Strauser (2021 NY Slip Op 00091)





Matter of NBC Universal Media, LLC v Strauser


2021 NY Slip Op 00091


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 653349/19 Appeal No. 12661N Case No. 2020-02276 

[*1]In the Matter of NBC Universal Media, LLC, et al., Petitioners-Appellants,
v
Robert Strauser et al., Respondents-Respondents.


Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for appellants.
Law Offices of Michelle S. Russo, P.C., Port Washington (Michelle S. Russo of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about February 21, 2020, which denied the petition to permanently stay arbitration, unanimously affirmed, with costs.
The court correctly found that the statute of limitations defense to the arbitration proceeding was a matter for the arbitrator to determine, because the choice of law provision containing the arbitration clause specifies that the agreement is to be "interpreted" under New York law, not that enforcement of the agreement is to be governed by New York law (see N.J.R. Assoc. v Tausend, 19 NY3d 597, 602 [2012]).
NBC's arguments concerning waiver and whether arbitration would be futile are unpreserved, since they were first raised in reply and may not be raised on appeal (see?Moreira v?Mahabir, 158 AD3d 518, 519 [1st?Dept 2018];?Paulling?v City Car &?Limosine?Servs., Inc., 155 AD3d 481, 481 [1st?Dept 2017]). In any event, respondents have not waived their right to pursue arbitration because of the related pending action in the New Jersey Superior Court (the NJ Action).
"Generally, when addressing waiver, courts should consider the amount of litigation that has occurred, the length of time between the start of the litigation and the arbitration request, and whether prejudice has been established" (Cusimano v Schnurr, 26 NY3d 391, 400 [2015]). Here, the NJ Action has not been substantially litigated to effectuate a waiver.? Other than service of amended pleadings, there was no further discovery, no motion practice and no depositions were taken against NBC (cf. Cusimano, 26 NY3d at 401; Leadertex Inc. v Morganton Dyeing & Finishing Corp., 67 F3d 20, 26 [2d Cir 1995]). Although the length of time between the start of the litigation and the demand for arbitration (in this case 26 months) is an element to be reviewed when considering waiver, it is not, alone, enough to effectuate a waiver. Indeed, it is the prejudice that is critical (see Cusimano, 26 NY3d at 400). NBC has not established that it has suffered prejudice associated with the NJ Action. It has not expended excessive costs litigating the NJ Action since that action has not proceeded against it and its position that it will not be able to properly defend the arbitration due to the passage of time is conclusory. NBC's contention that the prejudice from the lapse of time is "the very harm the statute of limitations is designated to prevent" is not persuasive since the statute of limitations defense is still available to NBC and can be argued before the arbitrator.
Furthermore, NBC was a party to the consent order in the NJ Action, which specifically contemplated the dispute proceeding to arbitration. The fact that respondents stayed the NJ Action in favor of arbitration and did not move forward with litigating the matter against NBC (notwithstanding the fact that NBC continued to be named as a party), evinces an intent to continue to arbitration. "[V]iewed in its entirety," a waiver has not [*2]been established (Skyline Steel LLC v PilePro LLC, 139 AD3d 646, 647 [1st Dept 2016]; see Gibbs v Holland & Knight, LLP, 143 AD3d 507?[1st Dept 2016]).
We have considered NBC's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021