Anima Group, LLC v Emerald Expositions, LLC (2021 NY Slip Op 01138)





Anima Group, LLC v Emerald Expositions, LLC


2021 NY Slip Op 01138


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 655455/2019 Appeal No. 13162 Case No. 2020-02873 

[*1]Anima Group, LLC, Plaintiff-Respondent,
v
Emerald Expositions, LLC, et al., Defendants-Appellants.


Gordon Rees Scully Mansukhani, LLP, New York (Daniel J. DiMuro of counsel), for appellants.
Law Offices of Jonathan M. Cooper, Cedarhurst (Jonathan M. Cooper of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 3, 2020, which denied defendants" motion to compel arbitration, unanimously reversed, on the law, with costs, and the motion granted.
Paragraph 18 of the parties" exhibit space agreement, titled "Disputes," provides broadly that "[a]ny and all disputes or claims . . . will be resolved in binding arbitration, rather than in court." The agreement also expressly incorporates the Commercial Arbitration Rules of the American Arbitration Association (AAA), of which Rule 7(a) states, "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." These provisions demonstrate the parties" clear and unmistakable intent to delegate the threshold arbitrability question to the AAA (see e.g. Matter of WN Partner, LLC v Baltimore Orioles L.P., 179 AD3d 14 [1st Dept 2019]; Skyline Steel, LLC v PilePro LLC, 139 AD3d 646 [1st Dept 2016]; Matter of Gramercy Advisors LLC v J.A. Green Dev. Corp., 134 AD3d 652 [1st Dept 2015]; Life Receivables Trust v Goshawk Syndicate 102 at Lloyd"s, 66 AD3d 495, 496 [1st Dept 2009], affd 14 NY3d 850 [2010]; compare Matter of Pharmacia & Upjohn Co. [Elan Pharms., Inc.], 10 AD3d 331 [1st Dept 2004] [reversing stay of arbitration and remanding for hearing as to parties" intent to arbitrate subjects identified in arbitration demand where arbitration provision excluded disputes involving intellectual property rights from arbitration and from AAA rules, and factual issues existed whether identified subjects involved intellectual property rights]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021