Matter of Anderson v AHS (At Home Solutions, LLC) (2021 NY Slip Op 06917)





Matter of Anderson v AHS (At Home Solutions, LLC)


2021 NY Slip Op 06917


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 655530/19 Appeal No. 14811 Case No. 2020-02032 

[*1]In the Matter of Robert Anderson, Petitioner-Appellant,
v
AHS (At Home Solutions, LLC), et al., Respondents-Respondents.


Robin H. Kyle, New York, for appellant.
Fordharrison LLP, New York (Philip K. Davidoff of counsel), for respondents.



Judgment (denominated decision and order), Supreme Court, New York County (John J. Kelley, J.), entered on or about February 20, 2020, denying petitioner's article 75 petition to vacate an arbitration award, dismissing the petition, and granting the cross petition to confirm the award, unanimously affirmed, without costs.
A court may vacate an arbitration award only where the award violates strong public policy, is irrational, or exceeds a specifically enumerated limitation on the arbitrator's power (see CPLR 7511[b][1][iii]; Matter of Falzone v New York Cent. Mut. Fire Ins. Co., 15 NY3d 530, 534 [2013]; Matter of Isernio v Blue Star Jets, LLC, 140 AD3d 480, 480 [1st Dept 2016]). None of those grounds provide any basis for vacating the arbitrator's award. Based on the testimony at the hearing, the arbitrator rationally found that petitioner was terminated for good cause. Nor did the arbitrator exceed her powers by creating a new agreement between the parties, as the commission agreement did not supersede the employment agreement; rather, those agreements pertained to two separate topics. The award also does not violate public policy, since the issue before the arbitrator, and the only one she resolved, was whether petitioner was terminated for good cause; the arbitrator did not reach the issue of the laws governing false claims and perjury.
Even assuming that this dispute is covered by the Federal Arbitration Act (FAA) because the agreement was made "in commerce" (9 USC § 1), the result is the same. Under the FAA, an arbitrator may be deemed to have exceeded his or her powers by manifestly disregarding the law, but only "in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent" (T.Co. Metals, LLC v Dempsey Pipe & Supply, Inc., 592 F3d 329, 339 [2d Cir 2010] [internal quotation marks omitted]); see Tempo Shain Corp. v Bertek, Inc., 120 F3d 16, 19 [2d Cir 1997]). This proceeding does not present such an instance.
Petitioner makes no showing as to the need for discovery in connection with his claim under New York Civil Rights Law § 51.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021