| **Matter of Castiglione v Morgan Stanley** |
|:---:|
| 2024 NY Slip Op 34475(U) |
| December 24, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161821/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**          PART          56M

*Justice*

-------------------------------------------------------------------------------X

In the Matter of

ROBERT AND MARILYN CASTIGLIONE, SIGMUND
ROGICH, THE ROGICH 2004 FAMILY IRREVOCABLE
TRUST, and STEPHEN SAMEROFF,

                 Petitioners,

           - v -

MORGAN STANLEY and DAVID TURETZKY,

                 Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161821/2023 |
| MOTION DATE | 10/15/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION, ORDER, and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 19, 20, 21, 22, 23, 24, 25, 26, 28, 30

were read on this motion to/for       VACATE - DECISION/ORDER/JUDGMENT/AWARD.

In this proceeding pursuant to CPLR 7511, the petitioners seek to vacate a September 13, 2023 arbitration award rendered by a panel of arbitrators acting under the auspices of the Financial Industry Regulatory Authority (FINRA), which had dismissed the petitioners' complaint alleging that the respondents had engaged in improper discretionary trading with respect to the assets that the petitioners had invested with and entrusted to the respondent Morgan Stanley. The respondents answer the petition and oppose the relief sought by the petitioners. The petition is denied, the award is confirmed, and the proceeding is otherwise dismissed.

In a statement of claim that they submitted to FINRA, the petitioners alleged that that the respondent David Turetzky, while acting in his capacity as a securities broker under the supervision of Morgan Stanley, as well as Morgan Stanley itself, committed fraud, breached the fiduciary duty that they owed to the petitioners, breached other common-law duties that they owed to the petitioner, breached their contract with them, committed negligence, engaged in negligent misrepresentation, fraudulent concealment, and constructive fraud. The petitioners

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL**       Page 1 of 5
Motion No.  002

1 of 5

[* 1]

further alleged that Morgan Stanley failed properly and adequately to supervise Turetzky. Nonetheless, the causes of action that the petitioners asserted in their arbitral complaint to FINRA did not specify the securities that were the subject of the claim.

The petitioners Robert Castiglione and Marilyn Castiglione requested, in the statement of claim, that they be awarded compensatory damages in excess of $2,959,000.00, plus 9% prejudgment interest, as well as punitive damages in an amount not less than $8,887,000.00, representing three times the compensatory damages that they sought, along with an award of costs, expenses, and disbursements, including attorneys' fees. The petitioners Sigmund Rogich and The Rogich 2004 Family Irrevocable Trust requested that they be awarded compensatory damages in excess of $692,000.00, plus 9% prejudgment interest, as well as punitive damages in an amount not less than $2,076,000.00, representing three times the compensatory damages that they sought, along with an award of costs, expenses, and disbursements, including attorneys' fees. The petitioner Stephen Sameroff requested that he be awarded compensatory damages in excess of $807,000.00, plus 9% prejudgment interest, as well as punitive damages in an amount not less than $2,421,000.00, representing three times the compensatory damages that he sought, along with costs, expenses, and disbursements, including attorneys' fees. The respondents, in the answer that they submitted to FINRA, requested that FINRA dismiss the petitioners' complaint, and sought an award of costs and attorneys' fees. On June 2, 2023, the respondent moved to dismiss the arbitral complaint, and the petitioners opposed the motion.

In a determination dated September 11, 2023, the FINRA arbitration panel granted the respondents' motion to dismiss the arbitral complaint on the ground that the "occurrence or event giving rise to the claim," as contemplated by FINRA Rule 12206, occurred more than six years prior to the filing of the claim. As the panel explained in its September 13, 2023 award, it

> "had to decide whether the relevant occurrences or events were the transactions that were effected on behalf of the Claimants by Respondents or whether the occurrence or event was the investigation and resulting action of the Respondent into the actions of its broker, Mr. Michael Paesano (who was not named as a Respondent) who had handled the accounts in question. It was not disputed by

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL**          Page 2 of 5
**Motion No. 002**

2 of 5

[* 2]

the parties that the transactions for each Claimant occurred more than six years prior to the filing of the claim. Rather, the Claimants asserted that Respondents' investigation into the trading of Mr. Paesano, subsequent termination, and the non-dissemination of this information to Mr. Paesano's clients was an on-going fraud that constituted a continuing event or occurrence with the six-year window set forth in Rule 12206. A number of court decisions, FINRA decisions and FINRA guidance were addressed by the parties including *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002) ('Howsam') which held that the arbitration panel has full authority to decide the applicability of rules such as Rule 12206 to the facts and circumstances at issue. The arbitration panel has decided that [the] situation described by Claimants do[es] not constitute an event or occurrence within the scope of Rule 12206."

The panel further determined, "as agreed by the parties," that the specific transactions that would have been the subject of the claim "all occurred more than six years prior to the filing of the Claim." In reaching its decision, the panel noted that the "respondents had no affirmative duty to conduct an investigation or audit let alone divulge the results of such investigation or audit," and, upon reviewing the individual claims asserted by the several petitioners, it found "that there was no event that would extend the time period for such claims so that they would fall within a time period within the Rule 12206 six year period." Accordingly, the panel granted the respondents' motion to dismiss the petitioners' arbitral complaint, albeit without prejudice to the petitioners' assertion of the claims underlying the arbitration proceeding in a court of competent jurisdiction, as permitted by Rule 12206 of FINRA's code.

Since the arbitration involved here is consensual, rather than compulsory, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

"(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]). The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]). An arbitration award may be vacated pursuant to CPLR 7511(b)(1)(iii) where an

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL          Page 3 of 5**
**Motion No.  002**

arbitrator exceeded his or her power, including where the award violates strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see Matter of Isernio v Blue Star Jets, LLC*, 140 AD3d 480 [1st Dept 2016]). Nonetheless, it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]).

Moreover, where an arbitration agreement incorporates the rules of a particular arbitral forum, the arbitrator is well with his or her authority to apply those rules (*see Revis v Schwartz,* 192 AD3d 127, 140 [2d Dept 2020]; *Matter of WN Partner, LLC v Baltimore Orioles L.P.,* 179 AD3d 14, 16 [1st Dept 2019] [applying the "AAA Commercial Arbitration Rules" that were incorporated into an arbitration clause, and concluding that they "evince a clear and unmistakable intent to delegate the threshold arbitrability question . . . to the AAA"]; *Matter of Skyline Steel, LLC v PilePro LLC*, 139 AD3d 646, 646 [1st Dept 2016] [applying "JAMS" rules that were incorporated into an arbitration clause, and concluding that they "confer on the arbitrators the power to resolve arbitrability"]; *Matter of Gramercy Advisors LLC v J.A. Green Dev. Corp.*, 134 AD3d 652, 653 [1st Dept 2015]; *cf. Matter of American Intl. Specialty Lines Ins. Co. v Allied Capital Corp.,* 35 NY3d 64, 68-69 n 4 [2020] [arbitration panel concluded that the parties never agreed to be bound by JAMS institutional procedural rules]).

The court concludes that the petitioners failed to establish that the panel's interpretation of FINRA's rules, or its ultimate determination to dismiss the arbitral complaint without prejudice to commencement of an action, was irrational or violated any strong public policy. Although the court concludes that the FINRA panel did not render its determination in "manifest disregard of the law," as the petitioners contended, "even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Corr. Officers & Police Benevolent Assn*., 94 NY2d 321, 326 [1999]; *see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.,* 23 NY3d 251, 263 [2014]).

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL          Page 4 of 5**
  **Motion No.  002**

[* 4]

4 of 5

Upon the denial of the petitioners' application to vacate the subject arbitration award, the court "shall confirm the award" (CPLR 7511[c]).

Accordingly, it is,

ORDERED that the petition is denied, and it is,

ADJUDGED that, upon the denial of the petition, the award rendered on and dated September 13, 2023 in the arbitration proceeding entitled *Matter of Castiglione, et al. v Morgan Stanley, et ano.*, under FINRA Case No. 22-02842, be, and hereby is, confirmed, and the proceeding otherwise is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

| __12/24/2024__ | | _____ |
| DATE | | JOHN J. KELLEY, J.S.C. |

| CHECK ONE: | | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL**
**Motion No.  002**

Page 5 of 5